AIKEN COUNTY v. MURRAY.

1. SCHOOL FUND—PARTY PLAINTIFF.—The county, as a corporation and
   in its own name, is the proper person to sue a county treasurer and the
   sureties on his official bond, for the recovery of money belonging to
   the school fund of the county misapplied by such treasurer.

Before IZLAR, J., Aiken, May, 1891.

This was an action by Aiken County against Joseph E. Murray and the sureties on his official bond as county treasurer, for the recovery of county and school funds collected by Murray and never paid over.   Two of the sureties demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action ; that there is a defect of parties plaintiff, as the action should be prosecuted by the State of South Carolina upon the relation of the party complaining; and that the plaintiff has no legal capacity to sue, as the school fund belongs to the various school districts and the county fund to the county commissioners. The demurrer was overruled by a short order and the defendants who had demurred appealed.

*Messrs. Henderson Bros.*, for appellant.

*Messrs. Croft & Chafee*, contra.

March 18, 1892.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The action in this case was brought by the plaintiff against Joseph E. Murray, as late county treasurer of Aiken County, and his sureties on his official bond as such, alleging that said Murray, as county treasurer, had collected and failed to pay over sundry sums of money collected by him for general county purposes, as well as certain other sums of money, constituting a part of the school fund of said county. The only question raised by this appeal (the other question made by the exceptions having very properly been abandoned on the argument here) is, whether the Circuit Judge erred in overruling the demurrer based upon the ground "that it appeared

upon the face of the complaint that the plaintiff has no legal capacity to sue for the school funds described in the complaint, the same belonging to the various school districts, which are bodies corporate."

It is contended by the appellants, that while the county commissioners are the financial agents of the county in the disbursement of funds received for general county purposes, the school commissioner is the financial agent for the disbursement of the school funds; and that as it is made his duty, by section 1002 of the General Statutes (which, in the absence of any showing to the contrary, it must be presumed he has performed) to apportion "annually, on the first day of February," "the income of the county school fund among the several school districts of his county," which, by section 1008, are made bodies corporate, such an action as this cannot be maintained by the county as a body corporate, but must be brought by the several school districts in their corporate capacity for their respective proportions of the school fund, as ascertained by the apportionment made by the county school commissioner.

We do not think that this view can be sustained. To say nothing of the fact that the several school districts seem to be invested with corporate capacity only to a limited extent, that is, that they are declared bodies corporate by certain names, "and in that name may sue and be sued, and be capable of contracting and being contracted with, *to the extent of the funds in their possession*," &c. (italics ours), it seems to us that the view contended for by appellants is inconsistent with the general scheme of county government, as set forth in the constitution and statutes upon the subject, as well as with the view heretofore taken by this court. At the time of the occurrence of the transactions brought under consideration in this case, as well as at the time of the commencement of this action, the Constitution, in article IV., section 19, contained a provision investing the board of county commissioners for each county with jurisdiction "in all matters relating to taxes, disbursements of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties." And although this section of the constitution has

been subsequently repealed (20 Stat., 649) by the ratification of the amendment in December, 1890, yet such repeal cannot affect the question involved in this case, especially when the same provision substantially is found in section 602 of the General Statutes, which has not been repealed. In 1878 (16 Stat., 640), section 5 of article X. of the Constitution as originally adopted, was amended so as to convert the money raised by taxation for the support of public schools from a State fund to a county fund, and that section as amended (Gen. Stat., page XLIX.), now requires that "The boards of county commissioners of the several counties shall levy an annual tax * * * for the support of public schools in their respective counties, which tax shall be collected at the same time, and by the same officers, as the other taxes for the same year, and shall be held in the county treasuries of the respective counties, and paid out exclusively for the support of the public schools as provided by law." In section 1018 of the General Statutes, the county commissioners of each county are authorized and required to furnish the school commissioner with an office and office furniture, and to supply the same with fuel, lights, stationery, postage, &c., "to be paid for out of the school funds of said county."

From this brief review of the law, both constitutional and statutory, it is very obvious that the school fund of each county belongs to the county, and that the provisions made for its distribution and disbursement by the various county agencies or officers cannot affect the real ownership of the fund. From this it follows necessarily that such fund may be sued for by the county in its corporate capacity. This is the view which was taken by this court in *Greenville County v. Runion*, 9 S. C., 1; for while it is true that the question was not presented in that case in precisely the same form as it is here, yet the court did not rest its decision upon the form in which the question was presented, but considered the question on its merits.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.