[No. 6,468.]

# FISHBECK v. THE PHENIX INS. CO.

INSURANCE — EVIDENCE — RES GESTÆ. — An insurance was effected by the plaintiff with the defendant, through the medium of T., an insurance solicitor—the plaintiff, and the defendant's agent, S., who issued the policy, not meeting in the transaction. *Held*, in an action upon the policy, that conversations of the plaintiff with T., occurring in the course of the transaction, were admissible in evidence, not only because they were parts of the *res gestæ*, but also because there was other evidence in the case, from which it might be inferred that T. had given to S. the information derived from those conversations.

ID.—AGENCY—CLAUSE OF FORFEITURE.—The policy·sued upon contained the provision, " that if any other insurance had been or shall hereafter be made upon the said property, and not consented to by this company, in writing hereon, * * * this policy shall be null and void." At the time of the insurance, there were other insurances upon the property, which were not noted upon the policy; but S., the defendant's agent, knew of these insurances. *Held*, that the knowledge of S. was the knowledge of the company, and that the policy was valid.

ID. — ESTOPPEL IN PAIS. — S., the defendant's agent, joined with the other companies in adjusting the loss, and upon the adjustment promised to pay his companies' proportion ; and, thereupon, the plaintiff settled with the other companies upon the basis of the adjustment. *Held*, that the defendant was estopped from denying its liability.

ID.—RESCISSION.—After the adjustment, S. paid back to the plaintiff the unearned part of the premium, but retained the portion thereof corresponding with the period from the issuance of the policy to the date of the loss. *Held*, that to avoid the policy on the ground of deception, it would have been necessary to return the whole premium.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

The facts are stated in the opinion.

*J. W. Winans*, for Appellant.

The Court erred in allowing the plaintiff to testify to the statement and acts of Taylor, the deceased solicitor. It was clearly inadmissible, unless the agency of Taylor was proved.

The evidence was insufficient to show that S. had knowledge of the other insurances; but even if the defendant, at the time of issuing the policy, had such notice, that would not defeat the condition that other insurance must be indorsed on the policy:

Notice, without indorsement, was insufficient.    (*Bendar* v. *American M. I. Co.* 12 Cush. 470; *Worcester Bk.* v. *Hartford F. I. Co.* 11 Cush. 265; *Forbes* v. *Agawan M. I. Co.* 9 Cush. 470; *Carpenter* v. *Providence W. I. Co.* 16 Peters, 512; *Deitz* v. *Mound City M. F. I. Co.* 38 Mo. 85; *Hutchinson* v. *Western Ins. Co.* 21 Mo. 97; *Harris* v. *Ohio Ins. Co.* 5 Ohio, 467; *Gilbert* v. *Phœnix Ins. Co.* 36 Barb. 376, 377, and cases cited on page 377; *Jube* v. *Brooklyn F. I. Co.* 28 Barb. 412; *Hale* v. *Mechanics' F. I. Co.* 6 Gray, 169; *Tibbets* v. *Hamilton M. I. Co.* 3 Allen, 569.)

Parol testimony is inadmissible to show that the existence of other insurance was known to the insurer prior to the issuance of the policy, or even that it was assented to by him.    (*Jennings* v. *Chenango Co. M. I. Co.* 2 Denio, 75; Flanders on Fire Insurance, 97, and cases there cited; *Holmes* v. *Charleston M. F. I. Co.* 10 Metc. 211; *Bassett* v. *Union M. F. I. Co.* 7 Cush. 175; *Glendale Man. Co.* v. *Protection I. Co.* 21 Conn. 30–36; *Jenkins* v. *Quincy M. F. I. Co.* 7 Gray, 374; *Gilbert* v. *Phœnix Ins. Co.* 36 Barb. 476, 45; *Lee* v. *Howard F. I. Co.* 3 Gray, 589.)

*H. F. Crane,* for Respondent.

If the agent had notice of other insurance at the time of the issuance of the policy, the company cannot claim a forfeiture on the ground that the consent of the company was not indorsed in writing thereon.    This rule is now universal in all the States of the American Union, with the exception of Massachusetts and Rhode Island.    (*Pitney* v. *Glenn's Falls Ins. Co.* 65 N. Y. 22–202; *Rowly* v. *Empire Ins. Co.* 36 N. Y. 550; *Ames* v. *N. Y. Union Ins. Co.* 14 N. Y. 254; *Bidwell* v. *Astor Ins. Co.* 16 N. Y. 263; *Bidwell* v. *N. W. Ins. Co.* 24 N. Y. 302; May on Ins. §§ 141, 145; Wood on Ins. §§ 386, 369, 373; *Hayward* v. *National Ins. Co.* 52 Mo. 181; *Russell* v. *State Ins. Co.* 55 Mo. 585; *Planters'. Ins. Co.* v. *Lyons,* 38 Tex. 253; *Carrugi* v. *Atlantic Ins. Co.* 40 Geo. 135; *Farmers' Ins. Co.* v. *Taylor,* 73 Pa. St. 342; *Pierce* v. *Nashua Ins. Co.* 50 N. H. 297; *Hadley* v. *N. H. Fire Ins. Co.* 55 N. H. 110;

*Beal* v. *Park Fire Ins. Co.* 16 Wis. 262; *Appleton Iron Co.* v. *British American Ins. Co.* 46 Wis. 32; *Ins. Co.* v. *Wilkinson*, 13 Wall. (U. S.) 231; *Ins. Co.* v. *Norton*, 96 U. S. 234, 572, 84; 21 Wall. 152; *Whitewell* v. *Putnam Ins. Co.* 6 Lansing, 116, 411; *Caroll* v. *Charter Oak*, 38 Barb. 402–40; Ib. 292; *Von Bories* v. *U. S. L. & F. Ins. Co.* 8 Bush (Ky.) 133; *Peoria M. & F. Ins. Co.* v. *Hall*, 12 Mich. 213; *Michigan State Ins. Co.* v. *Lewis*, 30 Mich. 44; *National Ins. Co.* v. *Crane*, 16 Md. 294.)

Where the company had joined with other companies in adjusting the loss, and other companies had made payment on the basis of the apportionment, held, that the company defendant is estopped from asserting the forfeiture. (*Leavy* v. *Peabody Ins. Co.* 10 W. Va. 567; *Webster* v. *Phenix Ins. Co.* 37 Wis. 57.)

Where canvassing agents are fully informed as to other insurance, and write applications stating that there is no other insurance, and insured signed same, the company is held estopped to claim forfeiture. (*American Ins. Co.* v. *Luttrell*, 89 Ill. 314, *N. E. Fire Ins. Co.* v. *Schetter*, 37 Ill. 170; *Columbia Ins. Co.* v. *Cooper*, 50 Pa. St. 338; *Viele* v. *Germania Ins. Co.* 26 Iowa, 49, note p. 68; *Wilson* v. *Genesee Mut. Ins. Co.* 14 N. Y. 418; *Insurance Co.* v. *Mahone*, 21 Wall. 152.)

There was evidence to justify the finding that the defendant had notice of the other insurance; and the finding should, therefore, not be disturbed.

Department No. 2, MYRICK, J.:

This is an action on a policy of insurance issued by defendant to insure a stock of goods of plaintiff. The defense was, that other insurance existed not noted on the policy, and of which defendant had no information. Plaintiff had judgment; defendant moved for a new trial, which was denied, and defendant appealed.

One Taylor, an insurance solicitor, solicited defendant to take insurance on his stock of goods. Plaintiff already had insurance to the amount of $12,500; namely, $5,000 in the Fireman's

Fund, $5,000 in the Hamburg-Bremen, and $2,500 in the People's. Taylor was informed of this insurance. Taylor went to R. B. Swain, agent for defendant and of the Manhattan Insurance Company, and obtained a policy of $2,500 from each of the last named companies. No indorsement of the prior insurance was noted on the policies issued by Swain. The two policies were issued, and Swain received the premiums at the agreed rates. Plaintiff and Swain did not meet in the transaction; the business was negotiated through Taylor, who received his compensation from Swain by a percentage on the premium paid. The policies were dated January 18th, 1870.

The fire by which the goods were injured occurred September 26th-7th, 1870. On the next day plaintiff went to Swain and the agents of the other companies, and informed them of the loss. They all went to the place of the fire, and talked of the affair. Swain said to the plaintiff that " the loss could not amount to much; there are four of us; that it will be divided among four companies; that the loss would not be very heavy as there were four companies to share." He also said: " The companies will appoint an adjuster, and you will have to get one on your side." Mr. Garniss was selected as adjuster, and on the 28th of September, 1870, made an adjustment, fixing the total loss at $7,687.48, and naming the insurance thus : " $5,000 in the Fireman's Fund, of San Francisco; $5,000 in Hamburg-Bremen, of Hamburg; $2,500 in Phenix, of Brooklyn, New York; $2,500 in Manhattan, of New York City. Apportionment: Fireman's Fund insures 1-3, and pays $2,562.48; Hamburg-Bremen insures 1-3, and pays $2,562.48; Phenix insures 1-6, and pays $1,281.26; Manhattan insures 1-6, and pays $1,281.26; total, $7,687.48." (The policy of the People's Insurance Company had expired.) The policy in question contained a provision for appointment of appraisers to value the property in case of difference, but their award " shall not determine any question as to the *liability* of this Company under this policy."

In making his proof of loss to the companies, plaintiff's declaration, dated September 27th, 1870, contained a statement of the various amounts of insurance as above stated, with the

names of the companies. The proofs and appraisement were given to Mr. Swain. After some four or five days, the Fireman's Fund and the Hamburg-Bremen companies paid their *pro rata.* The same day plaintiff went to Mr. Swain, who asked for a little time—a few weeks—and said, " I will pay in a few weeks." Soon after, plaintiff went again, and Swain tendered to him the unearned part of the premium, retaining the earned part, and at his request plaintiff signed the following, indorsed on the policy :

" October 12th, 1870.—Canceled by the return of $19.83 unearned premium."

Some six weeks after the loss, plaintiff went again to Swain for the amount of the loss due from his companies, and Swain then, for the first time, made the objection that the amount of the other insurance had not been noted on his policies, and said that his companies would not permit him to pay. Thereupon this suit was brought, to have the policy reformed by indorsing thereon the amount of the former insurance, and to recover from defendant its proportion of the loss.

Neither Taylor nor Swain were examined as witnesses, both having died. On the trial plaintiff was permitted, against defendant's objection, to testify to conversations had by him with Taylor relating to the obtaining of policies, and to his statements to Taylor of the former insurance. This testimony was competent, not only because the conversations were parts of the *res gestæ,* but because there is other evidence in the case from which it might properly be inferred that Taylor had given to Swain the information derived from those conversations ; otherwise, how could Swain have known, as soon as the fire occurred, that there was other insurance ? It is stated in one part of the testimony that Swain said: " I know of your other insurance, but my company will not let me pay, as it was not indorsed." In another part it may be inferred that he said : " I *knew* of the other insurance." This testimony was competent as tending to show that Swain knew, before the issuance of the policies, of the former insurance.

The policy sued upon contains the provision " that if any other insurance has been or shall hereafter be made upon the said property and not consented to by this company in writing

hereon, this policy shall be null and void." Notwithstanding similar provisions, it has been repeatedly held by courts in nearly all of the States, that where there is former insurance, which is not noted on the policy in question, if the agent knew of such former insurance, and the policy be issued, such knowledge of the agent is knowledge of the company, and the policy is valid. In this case there was some evidence tending to show such knowledge on the part of Swain; the Court below found that defendant had full notice of the other insurance; therefore this Court will not disturb the judgment for that reason.

Again, when the adjustment was being made, Swain had full knowledge of the other insurance, and of the proportion of the loss which fell to his companies. It is true that by the terms of the policy the fact of appraisement, *i. e.*, fixing a value in dollars and cents, did not determiné any question as to the liability of the defendant; but other things were done besides fixing a value; there was an acceptance of the apportionment, and a tacit, if not actual, acquiescence in it; there was payment by the other companies of their proportion, and a promise by Swain of payment of the proportion of his companies. He thus practically misled plaintiff into releasing the other companies from liability for the entire loss, (if Swain's policies had not been valid) and into accepting their proportions only. When the agents all met on the morning after the fire, if Swain's attention had been for the first time called to the fact of other insurance, it was his duty, in good faith to the defendant, to have at once taken his objection, or at least have done no act to lead plaintiff into relying upon the supposed liability of the defendant.

Again, Swain retained the earned premium on the policy; that is, the portion of the premium paid corresponding with the period from the issuance of the policy to the loss. Thus, he kept plaintiff's money for the insurance, and then refused to pay for the loss. This does not appear to be good faith. If he had been deceived, it was his duty, as soon as the deception was ascertained, to return the whole premium.

Judgment and order affirmed.

Thornton, J., and Sharpstein, J., concurred