PHENIX INSURANCE COMPANY OF BROOKLYN v. JAMES R. HOLCOMBE.

FILED FEBRUARY 9, 1899. No. 8664.

1. **Fire Insurance: OTHER INSURANCE: REPLY.** In an action on a contract of insurance containing a clause forbidding other insurance without the written consent of the company, a reply defectively alleging notice to the insurer that additional indemnity had been obtained will, after trial on the merits, be liberally construed with a view of giving effect to the evident intention of the pleader.

2. ———: KNOWLEDGE OF AGENT. An insurance company which commits to an agent the supervision and inspection of its risks is charged with knowledge of any fact learned by such agent while engaged in the performance of his duty as such inspector.

3. ———: OTHER INSURANCE: WAIVER. An insurance company, having notice that the insured has obtained additional insurance in violation of the contract, will be deemed to have waived its right to insist upon a forfeiture when it refrains for more than ten months from exercising its right and then bases an attempted cancellation upon other ground.

4. ———: ALIENATION: DOES NOT INCLUDE SALE BY PARTNER. A condition in a contract of insurance which prohibits a sale, transfer,

or any changes in the title or possession of the insured property without the consent of the insurer has no application to a sale or transfer by one partner to another of his interest in the partnership property.

5. ———: Forfeiture. Forfeitures are not favored, and in contracts of insurance a construction resulting in a loss of the indemnity for which the insured has contracted will not be adopted except to give effect to the obvious intention of the parties.

6. ———: Failure to Operate Factory. The insured property was merchandise and machinery used in manufacturing. The policy provided that if the insured property be a manufacturing establishment, its non-operation would avoid the contract. *Held*, That the insured machinery was not a manufacturing establishment within the meaning of the policy.

7. Trial: Evidence. The decision of preliminary issues touching the competency of witnesses, or admissibility of evidence, is for the trial judge.

8. ———: ———: If proffered evidence is *prima facie* admissible, it is the duty of the court to receive it; otherwise it should be rejected.

9. Insurance: Verdict for Insured. The evidence examined, and *held* to be sufficient to sustain the verdict.

Error from the district court of Dawson county. Tried below before Greene, J.   *Affirmed.*

*Greene & Breckenridge* and *E. A. Cook,* for plaintiff in error:

Notice to Hopkins would not establish a waiver of the provision of the policy against additional insurance without consent thereto in writing indorsed on the policy. (*Eagle Fire Co. v. Globe Loan & Trust Co.* 44 Neb. 380; *German Ins. Co. v. Heiduk,* 30 Neb. 288; *Hughes v. Insurance Co. of North America,* 40 Neb. 626; *Burlington Ins. Co. v. Campbell,* 42 Neb. 208; *Phenix Ins. Co. v. Covey,* 41 Neb. 724; *Kitchen v. Hartford Fire Ins. Co.,* 57 Mich. 135; *Home Fire Ins. Co. v. Hammang,* 44 Neb. 566; *O'Leary v. Merchants & Bankers Mutual Ins. Co.,* 66 N. W. Rep. [Ia.] 175; *Hankins v. Rockford Ins. Co.,* 70 Wis. 1; *Gould v. Dwelling House Ins. Co.,* 90 Mich. 302; *Carey v. German-American Ins. Co.,* 84 Wis. 80; *Ruthven v. American Fire Ins. Co.,* 60

N. W. Rep. [Ia.] 663; *Northwestern Nat. Ins. Co. v. Mize*, 34 S. W. Rep. [Tex.] 670; *Quinlan v. Providence-Washington Ins. Co.*, 133 N. Y. 356; *Baumgartel v. Providence-Washington Ins. Co.*, 136 N. Y. 547; *Moore v. Hanover Fire Ins. Co.*, 141 N. Y. 219; *Kyte v. Commercial Union Assurance Co.*, 144 Mass. 43.)

The sale by Reynolds and Beyers to Holcombe of their interest in the insured property was such a change of title or possession to the insured property as avoided the policy. (*Allemania Fire Ins. Co. v. Peck*, 133 Ill. 220; *Keeler v. Niagara Fire Ins. Co.*, 16 Wis. 550; *Wood v. Rutland & Addison Mutual Fire Ins. Co.*, 31 Vt. 552; *Finley v. Lycoming County Mutual Ins. Co.*, 30 Pa. St. 311; *Barnes v. Union Mutual Fire Ins. Co.*, 51 Me. 110; *Hathaway v. State Ins. Co.*, 64 Ia. 229; *Oldham v. Anchor Mutual Fire Ins. Co.*, 57 N. W. Rep. [Ia.] 861; *Jones v. Phœnix Ins. Co. of Hartford*, 66 N. W. Rep. [Ia.] 169; *Gibb v. Fire Ins. Co.*, 61 N. W. Rep. [Minn.] 137; *Ehrsam v. Phenix Ins. Co.*, 43 Neb. 554.)

A portion of the property insured constituted a manufacturing establishment, which was not being operated at the time of the fire. (*Stone v. Howard Ins. Co.*, 153 Mass. 475; *McKenzie v. Scottish Union & Nat. Ins. Co.*, 44 Pac. Rep. [Cal.] 922.)

*Warrington & Stewart, contra.*

On question as to waiver see: *Billings v. German Ins. Co.*, 34 Neb. 502; *Georgia Home Ins. Co. v. Kinnier*, 28 Gratt. [Va.] 88; *Pennsylvania Fire Ins. Co. v. Kittle*, 39 Mich. 51; *Titus v. Glens Falls Ins. Co.*, 81 N. Y. 410; *Lycoming Mutual Ins. Co. v. Slockbower*, 26 Pa. St. 199; *Lewis v. Council Bluffs Ins. Co.*, 63 Ia. 193; *Witherell v. Maine Ins. Co.*, 49 Me. 200; *Rathbone v. City Fire Ins. Co.*, 31 Conn. 193; *Gilliat v. Pawtucket Mutual Fire Ins. Co.*, 8 R. I. 282; *Maryland Fire Ins. Co. v. Gusdorf*, 43 Md. 506; *Hale v. Union Mutual Fire Ins. Co.*, 32 N. H. 295; *New England Farmers & Merchants Ins. Co. v. Wetmore*, 32 Ill. 221; *Keeler v. Niagara Fire Ins. Co.*, 16 Wis. 550; *Billings v. German*

*Ins. Co.*, 34 Neb. 502; *Hamilton v. Home Ins. Co.*, 94 Mo. 352; *Carpenter v. Continental Ins. Co.*, 28 N. W. Rep. [Mich.] 749; *Key v. Des Moines Ins. Co.*, 41 N. W. Rep. [Ia.] 614; *Home Fire Ins. Co. v. Kennedy*, 47 Neb. 138; *German-American Ins. Co. v. Hart*, 43 Neb. 441; *Van Bories v. United Life, Fire & Marine Ins. Co.*, 8 Bush [Ky.] 133.

As to the transfer of the Reynolds and Beyers interest to Holcombe see: *Hoffman v. Ætna Fire Ins. Co.*, 32 N. Y. 405; *Pierce v. Nashua Fire Ins. Co.*, 50 N. H. 297; *Buffalo Steam Engine Works v. Sun Mutual Ins. Co.*, 17 N. Y. 401; *Burnett v. Eufaula Home Ins. Co.*, 46 Ala. 11; *Dermani v. Home Mutual Ins. Co.*, 26 La. Ann. 69; *West v. Citizens Ins. Co.*, 27 O. St. 1; *Texas Banking & Ins. Co. v. Cohen*, 47 Tex. 406; *Roby v. American Central Ins. Co.*, 24 N. E. Rep. [N. Y.] 808; *Virginia Fire & Marine Ins. Co., v. Vaughan*, 14 S. E. Rep. [Va.] 754; *New Orleans Ins. Co. v. Holberg*, 1 So. Rep. [Miss.] 5; *Dresser v. United Firemen's Ins. Co.*, 45 Hun [N. Y.] 298; *Cowan v. Iowa State Ins. Co.*, 40 Ia. 551; *Powers v. Guardian Fire & Life Ins. Co.*, 136 Mass. 108; *Lockwood v. Middlesex Mutual Assurance Co.*, 47 Conn. 553; *Allemania Fire Ins. Co. v. Peck*, 133 Ill. 230.

As to non-operation of establishment see: *Mayhew v. Hardesty*, 8 Md. 479; *Halpin v. Insurance Co. of North America*, 23 N. E. Rep. [N. Y.] 989.

SULLIVAN, J.

January 18, 1893, the Phenix Insurance Company issued to the Gothenburg Overall & Shirt Factory a policy of insurance in the sum of $1,500. Of this amount $750 was upon electric motors, sewing machines, and other implements used in the factory, and $750 on merchandise, consisting of raw materials and manufactured articles. When the policy was issued the concern insured was a partnership composed of Holcombe, Reynolds, and Beyers. Reynolds was also defendant's local agent and transacted its ordinary business at Gothenburg. In July, 1893, Holcombe bought Reynolds' interest in the business, and in August of the same year he purchased

44

the interest of Beyers, and thus became sole owner of the insured property. January 14, 1894, the property was wholly destroyed by fire, and Holcombe thereupon brought this action in the district court of Dawson county to recover upon the policy. A trial to a jury resulted adversely to the company, and by this proceeding in error it seeks to reverse the judgment rendered against it on the verdict.

The policy contained the following provision: "If the assured shall have, or shall hereafter make, any other contract of insurance (whether valid or not) on the property herein described, or any part thereof, without written notice to and without the consent of this company written hereon, * * * this policy shall be void." The defendant claims that there was a breach of this condition, and that the policy was thereby invalidated. The plaintiff concedes that additional insurance was procured of the Ætna Insurance Company, but insists that the right to a forfeiture, by reason of that fact, was waived by the defendant. The reply alleges that Hopkins, an agent of the company, charged with the supervision of its business in this state, was in Gothenburg at or about the time the additional insurance was obtained, and, being "informed of the desire of the plaintiff, and his intention, to take such additional insurance, * * * made a personal investigation of the facts and conditions pertaining to the said property, and after having so investigated the same gave his consent and approval to the taking of the said additional insurance." The defendant claims that this allegation does not amount to an averment that it was notified of the additional insurance after such insurance was procured, and cites *Eagle Fire Ins. Co. v. Globe Loan & Trust Co.*, 44 Neb. 380, where it was held that notice to an agent of an intention on the part of the insured to take out other insurance is not notice to the principal that further indemnity has been obtained. Had the pleading been assailed before trial, we would not hesitate to hold it insufficient;

but a trial having been had and proof having been made, under the issues joined, that Hopkins was informed of the existence of the Ætna policy, and not merely of the plaintiff's intention to procure it, we feel bound to sustain the reply by interpreting it according to the evident intention of the pleader. The company, having committed to Hopkins the supervision of its risks in Gothenburg, was charged with notice of any fact affecting the risk which came to his knowledge while engaged in the performance of his duty as an inspector. (*Eagle Fire Ins. Co. v. Globe Loan & Trust Co., supra.*) In the case just cited it was held, under a policy containing a forfeiture clause like the one here in question: "(1) That the provision in the insurance policy prohibiting additional insurance on the insured property was inserted therein for the benefit of, and might be waived by, the insurer; (2) that the violation of the policy by the insured in procuring additional insurance on the insured property, without the knowledge or consent of the first insurer, did not render the policy issued by it void, but voidable only, at the election of such first insurer." In *Slobodisky v. Phenix Ins. Co.*, 52 Neb. 395, it was held that "notice to an agent of an insurer that the insured had taken out additional insurance on the insured property is notice to such agent's principal." It was also held in the same case that the failure of an insurer to cancel its policy, after receiving notice of a breach of the condition against additional insurance, is evidence from which a waiver of the right of forfeiture may be inferred. On the authority of these cases, due notice being established, a waiver was the only inference properly to be deduced from the conceded fact that the defendant, more than ten months after being advised of the additional insurance, made an attempt to cancel its policy, based exclusively on the fact that the factory was not in operation.

One of the conditions of the policy is as follows: "If the property be sold or transferred (in whole or in part), * * * or any change takes place in title or possession

(except in case of succession by reason of the death of the assured), whether by legal process or judicial decree, or voluntary transfer, assignment, or conveyance; or if the title or possession shall be changed from any cause whatsoever, * * * without written notice to, and the consent of, the company indorsed hereon, this policy shall in each and every instance be void." Under this provision it is claimed that the sale by Reynolds and Beyers to the plaintiff voided the policy. The argument is that the contract of insurance, being purely a personal one, is broken whenever there is a change in the ownership of the insured property. The question is a vexed one. The adjudged cases are in direct conflict, but undoubtedly the decided numerical preponderance is against the proposition that a sale by one partner to another is within the meaning of an inhibition against a sale, transfer, or alienation of the insured property. The precise question has not been heretofore presented to this court for decision, and in disposing of it we feel at liberty to adopt the rule which will be in harmony with, and follow the trend of, our former adjudications. Heretofore, in actions on policies of insurance, while diligently endeavoring, in every case, to seek out and give effect to the true intention of the parties as expressed in their contract, we have, in construing clauses providing for forfeitures, been disposed to lean somewhat in favor of the insured and resolve questions of doubt and uncertainty against the insurer. So in this case, the proper interpretation of the clause under consideration being a matter of grave doubt, as shown by the diversity of judicial opinion in other jurisdictions, we have determined to adopt the view which will avoid a forfeiture, and secure to the plaintiff the indemnity for which he contracted. In some cases it has been held that an inhibition against a change of title, interest, or possession would invalidate the policy, although a clause forbidding a sale or alienation might not have that effect. (*Hathaway v. State Ins. Co.*, 64 Ia. 229; *Gibb v. Philadelphia Fire Ins. Co.*, 59 Minn.

267, 61 N. W. Rep. 137.)   But a contrary conclusion was reached in *Burnett v. Eufaula Ins. Co.*, 46 Ala. 11, and in *New Orleans Ins. Co. v. Holberg*, 8 So. Rep. [Miss.] 175. In the latter case it was said that the provision in question was inserted for the protection of the insurer against the risk of having strangers substituted for the party with whom the contract was made, and was designed only to interdict a sale by a party who was insured to a party who was not insured.   The same conclusion was reached in *Virginia Fire & Marine Ins. Co. v. Vaughan*, 88 Va. 832, 14 S. E. Rep. 954, under a clause in the policy forbidding any change "in the title or interest of the assured."   "The object of such a provision," said Lewis, P., speaking for the court, "is to protect the insurers against the risk of the introduction of a stranger to the contract, perhaps not in any way known to them, or, if known, not deemed worthy of their confidence. But this reason cannot apply where there is simply a transfer of interest by one partner to another."   In *Powers v. Guardian Fire Ins. Co.*, 136 Mass. 108, the reason for the rule is stated to be "that partners, jointly contracted with as such, are to be regarded as so far only one person, and the condition as so far limited to keeping the ownership of the thing insured in some member of the insured body, that changes between themselves in the relative amounts, or in the nature of their respective interests, do not fall within the fair meaning of the words used."   In the case of *Drennen v. London Assurance Corporation*, Miller, J., charging the jury in the United States circuit court (cited in 49 Am. Rep. 24), used the following pertinent language: "Many changes may take place in the title, and also in the possession, without a sale or transfer of the property to another party; for instance, a sale by one partner to another has been held by the courts not to be such a sale or transfer as is included in this policy, and for the very obvious reason that the possession does not change.   *   *   *   The sale or the transmutation of the various interests between the part-

ners themselves, and nobody else having the control, and leaving the possession where it was, does not invalidate the policy." Other cases sustaining the view that a provision against a change of title does not apply to sales between partners are *Pierce v. Nashua Ins. Co.*, 50 N. H. 297, and *Lockwood v. Middlesex Mutual Assurance Co.*, 47 Conn. 553. Without further reviewing the authorities upon this question, our conclusion is that the policy in suit was not invalidated by the sale of the interest of Reynolds and Beyers to Holcombe.

This further condition appears in the policy: "Or if it be a manufacturing establishment, running wholly or in part overtime, or running at night, or if it shall cease to be operated from any cause whatever, except during the night-time, Sundays, and legal holidays, without said written notice to and without special agreement indorsed on this policy, then, and in every such case, this policy shall be void." It was alleged in the answer and proven on the trial that the factory referred to in the policy was not operated more than one day in each month after August 4, 1893, and by reason of this fact it is claimed the policy became null and void. We do not think it did. The insured property was not a manufacturing establishment, and the provision quoted is without force or relevancy. If the thing insured was a manufactory, and the machinery described in the policy was used in connection with the operation of the establishment, the defendant's argument would be unanswerable. But the things insured being exclusively personal property—machinery and merchandise—it needs no citations of cases to show that the claim for a forfeiture on the ground of non-operation of the plant is entirely baseless. However, we refer to a case decided by the New York court of appeals, *Haplin v. Insurance Co. of North America*, 23 N. E. Rep. 989, as a direct authority for the conclusion reached upon this point. In that case a policy on mill machinery and apparatus, apart from the building in which it was contained, provided that "if a building covered by this policy shall become vacant

or unoccupied, or if a mill or manufactory shall stand idle, * * * without notice to, and consent of, the company clearly stated herein, all liability hereunder will thereupon cease." It was held that the machinery did not constitute a mill within the meaning of the provision quoted. Vann, J., delivering the opinion, said: "It would not be a natural or ordinary use of language to describe machinery used in milling as a mill, or in manufacturing, as a manufactory." He also remarked that "forfeitures are not favored, and the party claiming a forfeiture will not be permitted, upon equivocal or doubtful clauses or words contained in his own contract, to deprive the other party of the benefit of the right to indemnity for which he contracted."

To prove the value of the property destroyed by the fire the defendant, on the trial, offered in evidence an affidavit made by plaintiff, and used in the adjustment of his claim against the Ætna Insurance Company. This offer was refused on the ground that the value fixed in the affidavit—being $1,000—was a compromise valuation made, without prejudice, pending negotiations for the settlement of a disputed claim. Upon this ruling error is assigned. It is a conceded rule of procedure that the decision of preliminary issues of fact touching competency of witnesses, or admissibility of evidence, is within the province of the trial judge, and does not belong to the jury. If proffered evidence is *prima facie* admissible, it is the duty of the court to receive it; otherwise it should be rejected. In this case the defendant was not content with proving the signature of the plaintiff as a basis for the introduction of the affidavit in evidence. It went further, and brought before the court conflicting testimony bearing upon the competency of the document. It thus needlessly presented to the trial judge an issue of fact involving the veracity of witnesses; and we are not prepared to say that the finding of the judge in regard to the competency of the affidavit is unsupported by sufficient evidence.

A final ground upon which defendant asks for a reversal of the judgment is that the verdict is not warranted by the evidence. We have carefully considered the evidence and think it sufficient. The judgment is

AFFIRMED.