[L. A. No. 1544. Department One.—February 10, 1906.]

ELIESA ARNOLD, Respondent, v. AMERICAN INSUR-
ANCE COMPANY, Appellant.

FIRE INSURANCE — ACTION UPON POLICIES — PLEADING — INSUFFICIENT
COMPLAINT—OCCUPATION OF DWELLINGS.—In an action upon fire-
insurance policies on frame buildings, "while occupied as a dwell-
ing-house," and on furniture "while contained in the above
dwelling-house," it is essential to a cause of action that the com-
plaint should aver that the houses were occupied as dwellings at the
time of the fire, and that the furniture was contained in the house
referred to; and a complaint failing so to aver is fatally defective.
Such defect is not cured by verdict and judgment, but may be taken
advantage of upon appeal for the first time.

ID.—DEFECTS NOT CURED BY ANSWER.—An answer averring that a great
part of the insured furniture was removed by the plaintiff before the
fire from the houses wherein it was insured, whatever effect it might
have to cure the defective complaint as to the furniture, does not
have any effect to cure the defective allegations as to the dwelling-
houses.

ID.—KEEPING GASOLINE ON PREMISES—POLICY NOT SUBSTANTIALLY VIO-
LATED.—A policy prohibiting the keeping of gasoline on the premises
is not substantially violated by the temporary use of a small quan-
tity of gasoline for cleansing purposes, in a bottle securely corked,
which had no relation to the fire, and which was removed entirely
from the house.

ID.—EVIDENCE—WAIVER OF BREACH OF POLICY.—The court properly al-
lowed plaintiff to prove that after a small fire the agent of the
company, who had procured the insurance, and who adjusted the
loss, was informed of the circumstances as to the gasoline, that he
made no objection, and proceeded to adjust the loss, and the policy
was allowed to continue as to the unearned premium without notice
of claim of forfeiture on account of the incident as to the gasoline;
and such evidence proved a waiver of any breach of the policy on
account thereof.

ID.—STIPULATION AS TO WRITTEN WAIVER—KNOWLEDGE OF BREACH—
ESTOPPEL.—Notwithstanding a printed stipulation that any waiver
must be made in writing and attached to the policy, such stipula-
tion could not prevent the conduct of the officers of the company
from constituting a waiver or estoppel of the company, based upon
its presumed knowledge, when its proper officer had knowledge,
where such conduct led the insured to rely upon his policy as a valid
policy, although there was a breach of condition of which the com-
pany knew, in which case it will not be heard to allege such breach
against a claim for a subsequent loss.

ID.—PLEADING—DEFENSE OF BREACH—EVIDENCE IN REPLY.—It is not
necessary for plaintiff in his complaint to allege the facts constituting
a waiver or estoppel of the insurance company; but when a breach
of condition is set up in the answer, plaintiff may prove the waiver
or estoppel by way of evidence in reply to such defense, without
any necessity of pleading it.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial. N. P.
Conrey, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, and A. D. Laughlin, for Appellant.

M. M. Meyers, and R. L. Horton, for Respondent.

ANGELLOTTI, J.—This action was brought to recover on
three policies of insurance against loss by fire, made by de-
fendant to plaintiff. Judgment went for plaintiff for the
full amount claimed, and defendant appeals from such judg-
ment and from an order denying its motion for a new trial.

It is claimed that the amended complaint failed to state
facts sufficient to constitute a cause of action. A general
demurrer for want of facts was interposed in the lower court
and overruled. The facts material to this contention, as
shown by the complaint, are as follows, viz.: One of the
policies was for fifteen hundred dollars on a "one-story frame
building, . . . while occupied as a dwelling-house, . . . sit-
uated No. 729 . . . Stewart Street, . . . Los Angeles, Cali-
fornia." Another was for three thousand five hundred dol-
lars "on the two-story frame building, . . . while occupied as
a dwelling-house, . . . situated No. 735 . . . Stewart Street,
. . . Los Angeles, California." The third was for two thou-
sand dollars "on household furniture," etc., "all while con-
tained in the above-described dwelling-house," which was the
two-story frame building situated No. 735 Stewart Street.
The policies were all issued on April 9, 1901. There were
three fires. The first occurred May 21, 1902, and resulted in
seventy dollars damage to the house at 735 Stewart Street
and thirty-three dollars to the furniture. On June 15, 1902,
the same house was damaged by fire to the extent of one
hundred and twenty-one dollars, and the furniture to the

extent of seventy-six dollars. On June 21, 1902, both houses and the furniture were damaged,—the house at 735 Stewart Street to the extent of $1,645.76, the house at 729 Stewart Street to the extent of twenty-five dollars, and the furniture to the extent of one thousand dollars. The complaint nowhere alleged that at the time of any of these fires either house was occupied as a dwelling-house, or that the furniture insured was contained in the house No. 735 Stewart Street, nor did it allege any facts from which such a conclusion might be inferred or even surmised.

That such allegations were essential to the statement of a cause of action is very clear, and is practically admitted by plaintiff, who relies entirely upon the contention that, it not appearing that the point was specially made in ·the lower court, any defect in this respect was cured by the answer thereto. As to the question of the insufficiency of the amended complaint, it is unnecessary to do more than to refer to the case of *Allen* v. *Home Ins. Co.,* 133 Cal. 29, [65 Pac: 138], where, as here, the policy covered a building "while occupied as a dwelling-house," and where the demurrer interposed did not specify this particular objection. This court there said: "The principal contention under this head is that the complaint does not allege that the building, at the time of the fire, was occupied as a dwelling-house. It was in the contract between the insurer and the insured, that the premises were insured while occupied as a dwelling-house. It was essential for plaintiff to prove that the fire occurred while the premises were occupied as such dwelling-house. If it was essential to prove such fact, it was essential to allege it. Each party must allege every fact which he is required to prove, and will be precluded from proving any fact not alleged. . . . The allegation was not merely a condition precedent, as referred to in section 457 of the Code of Civil Procedure. It went to the very essence of plaintiff's right to recover. Certain conditions subsequent to the right of recovery, matters of defense, the non-performance of conditions subsequent, and certain negative prohibited acts need not be pleaded by plaintiff; but the rule does not extend to the essence of the cause of action. The facts alleged in this complaint may all be true and yet the plaintiff not be entitled to recover. She could not recover unless she proves more than the complaint alleges.

It was therefore error to overrule the demurrer.'' The insurer was not liable upon the policies at all, except upon proof that the loss occurred within the terms of the policy. It was therefore essential to the statement of any cause of action that a loss within the terms of the policy should be alleged. That the houses were occupied as dwelling-houses at the time of the fires, and that the furniture was at such times contained in the specified house, were essential to any liability on the part of defendant, and therefore essential to the statement of a cause of action. Not being alleged, they must be taken as having no existence. (*Hildreth* v. *Montecito Water Co.,* 139 Cal. 22-27, [72 Pac. 395].) The complaint lacked essential and necessary allegations in a case of this character, and was fatally defective. (*Burbridge* v. *Rauer,* 146 Cal. 21, 25, [79 Pac. 526].)

Such a defect is not cured by verdict and judgment, even in the absence of any objection by demurrer or answer in the lower court, and objection made on account thereof may be made at any time. (Code Civ. Proc., sec. 434.) It is true that courts are not inclined to look favorably upon objections to pleadings specifically made for the first time after judgment where, upon suggestion before trial, the defect could have been easily overcome. A somewhat liberal rule, therefore, has frequently been applied in construing a complaint where the objection is made for the first time after judgment. Facts essential to a cause of action appearing by reasonable implication only, and allegations made in the form of a legal conclusion, which merely implied the necessary material facts, have been held sufficient as against such an objection. An example of this is the case of *Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772], where there was no other allegation of the essential fact of non-payment except the allegation that ''there is now due and owing,'' etc. This was held sufficient after judgment, the ground of the ruling being that the objection was rather to the manner of pleading an essential fact than to the total failure to allege such fact, and that such faults, in the absence of demurrer, are cured by the judgment. It has, however, never been held that a defective pleading may be cured by verdict, where there is an entire absence of both direct and implied allegation of a material fact, and such a ruling would be in violation of fundamental principles rela-

tive to pleadings. The decisions in this state are clear and decisive upon this point. (See *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 505, 507, [22 Pac. 939]; *Barney* v. *Vigoreaux*, 92 Cal. 631, [28 Pac. 678]; *Hurley* v. *Ryan*, 119 Cal. 71, [51 Pac. 20]; *Penrose* v. *Winter*, 135 Cal. 289, [67 Pac. 772]; *Burbridge* v. *Rauer*, 146 Cal. 21, [79 Pac. 526].)

It is suggested in plaintiff's brief that upon the trial evidence showing that the houses were in fact occupied as dwelling-houses at all times up to and including the time of the last fire was received without objection on defendant's part. If it be assumed that such a fact would affect the question before us, a complete answer to the proposition is to be found in the fact that the record on appeal does not show that the fact is as stated in the brief of counsel. Whatever may be our surmise as to what evidence was given on the trial, we are bound by the record on appeal. There is nothing in the bill of exceptions from which we can infer that there was any evidence given tending to show that the house at 729 Stewart Street was ever occupied as a dwelling-house, or that the house at 735 Stewart Street was ever so occupied save and except upon the night of May 21, 1902, the occasion of the first fire. This evidence was only incidentally received in connection with the matter of having gasoline upon the premises in alleged violation of the terms of the policies. Nor was the defect cured by the answer of defendant, except, possibly, so far as the furniture policy was concerned. It was affirmatively alleged in the answer that subsequent to the issuance of such furniture policy, and prior to June 21, 1902, the date of the last fire, a great portion of the furniture was removed from the house, No. 735 Stewart Street, and was not therein at the time of the fire. Assuming, under the authorities cited by plaintiff, that the material issue as to the furniture being in the house described in the furniture policy at the time of the fire was thus sufficiently supplied to make the verdict and judgment good so far as that policy is concerned, it cannot be held that the defects as to the remaining policies were thereby cured. The allegation in the answer did not make the complaint good. It was originally, and still is, fatally defective in that it fails to state a cause of action on any policy. The allegation of the answer simply aided the complaint so far as is necessary to uphold

a finding upon the issue tendered thereby,—viz., that the furniture was at the time of the fire in the house No. 735 Stewart Street. This is not sufficient to uphold the verdict and judgment on the three policies. The principle upon which rests the rule to the effect that a complaint which lacks the averment of a fact essential to a cause of action may be so aided by an averment of that fact in the answer as to uphold a judgment thereon is that, although the complaint is fatally defective, the necessary issue having been in fact tendered by the answer and tried, a judgment will not be reversed merely for the purpose of allowing an issue to be tendered by plaintiff upon the matter that has already been practically put in issue by the parties at the instance of defendant and determined. To the extent that the issue so made and determined disposes of the controversy, the defect in the complaint is cured, but no farther. We can see no escape from the conclusion that the judgment must be reversed because of the failure of the amended complaint to state facts sufficient to constitute a cause of action.

For the purposes of another trial it will be necessary to discuss another mattter. It is contended that the policy on the house No. 735 Stewart Street and the furniture policy were voided by reason of the fact that plaintiff had about a pint of gasoline, contained in a bottle, on said premises on May 21, 1902, the time of the first fire. The policies each contained the following printed provision, viz.: ''This entire policy, unless provided otherwise by agreement indorsed hereon, or added hereto, shall be void if . . . (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above-described premises, benzine, benzola, dynamite, ether, fireworks, gasoline, greek fire, . . . or petroleum.'' Each policy also contained a provision allowing the use of one gasoline stove, the reservoir thereof to be filled during daylight only and when the stove was not in use, and also stipulated that ''no gasoline except that contained in said reservoir, shall be kept within the building.'' About the date of the first fire, May 21, 1902, plaintiff, who had purchased a quart bottle of gasoline for cleaning purposes, which work was done in the yard in the rear of the house No. 735 Stewart Street, and consumed about one half of the gasoline, took the bottle containing the re-

mainder into said house for the purpose of cleaning certain household articles, and left the same, securely corked, on a table in one of the rear rooms of said house. Immediately upon the discovery of the small fire of May 21st, the bottle of gasoline, which was in no way connected with the origin of the fire, was removed, and at no time thereafter was there any gasoline in said house. Over the objection of defendant, plaintiff was allowed to introduce evidence to the following effect: The next morning after the first fire, defendant's agent, who had procured this insurance, and who was defendant's special agent and adjuster, having charge of the affairs and local agents of the defendant in Southern California, went upon the premises for the purpose of adjusting the loss caused by said fire. Plaintiff then informed him of the circumstances above related as to the gasoline. He made no objection, and proceeded to adjust said loss. The general agent of defendant at San Francisco later, in response to the report of the adjuster relative to the fire, wrote to said adjuster, commending the conduct of plaintiff and her husband in the matter of the extinguishment of the fire. No notice of any disposition on the part of defendant to consider the policies voided by reason of the gasoline matter was ever given, and defendant continued to retain the premiums theretofore paid, and allowed plaintiff to rest secure under the belief that the property was still covered by the policies.

We are of the opinion that the facts as disclosed show no substantial violation of the condition contained in the policy. We doubt very much whether any policy upon a house used for human habitation would be found to be valid if the mere temporary presence of a trifling amount of any of the prohibited articles for necessary household or medicinal purposes should be held sufficient to invalidate it. The slight risk entailed by such a condition is necessarily contemplated in every case of insurance of an inhabited dwelling-house. Probably this defendant would never have undertaken to defeat this action upon any such ground if it did not have what it considered good reasons for disputing the claim upon more substantial grounds, which it might not be able to prove to the satisfaction of a court or jury. Provisions of the nature of the one under consideration are strictly construed so as to prevent a forfeiture, and a mere technical violation not

within the apparent object or spirit of the stipulation is not sufficient to invalidate the policy. (2 Cooley's Briefs on Law of Insurance, p. 1689.) The cases cited by learned counsel for defendant are all cases where the prohibited articles were habitually kept or used for some considerable time, or the temporary use was of such a nature or under such circumstances as to substantially increase the risk, and no case has been cited where a policy has been held invalid under such circumstances as are here shown. In *Bastian* v. *British American etc. Co.*, 143 Cal. 287, [77 Pac. 63], a stick and a half of dynamite was kept in the cellar of an insured lodging-house for several months next preceding the fire. In *Cerf* v. *Home Ins. Co.*, 44 Cal. 320, [13 Am. Rep. 165], a kerosene oil light was habitually left burning at night in a store as a protection against burglars, the policy prohibiting the keeping or using of any burning fluid without written permission. In each of these cases the violation might well be held to be substantial.

Were we, however, in any doubt as to this question, there could be no doubt upon the proposition that the evidence given for the purpose of showing a waiver of any breach in this respect was properly admitted for that purpose, and, if true, fully showed a waiver. The knowledge of the adjusting and supervising agent of defendant of the facts relative to the presence of the gasoline on the occasion in question was the knowledge of the defendant. (See 3 Cooley on Insurance, p. 2520.) In the face of this knowledge, the defendant gave no intimation of any intention on its part to consider the policies terminated by reason thereof, but retained the unearned portion of the premium, and allowed plaintiff to rest under the implied assurance that the policies continued in full force and effect, notwithstanding the technical violation of the letter of the condition. By such assurance, plaintiff was persuaded to refrain from securing other insurance to protect herself against possible future loss. Such a loss having occurred, it is too late for defendant to defend against the same upon this ground. (See May on Insurance, sec. 502; *Westchester Fire Ins. Co.* v. *Earle*, 33 Mich. 143; *Fishbeck* v. *Phenix Ins. Co.*, 54 Cal. 422; *Murray* v. *Home Benefit etc. Assn.*, 90 Cal. 402, [27 Pac. 309, 25 Am. St. Rep. 133]; *West Coast L. Co.* v. *State etc.*, 98 Cal. 502, [33 Pac. 258]; *Horton* v. *Home Ins. Co.*, 122 N. C. 498, [29 S. E. 944, 65 Am. St.

Rep. 717] ;*Phoenix Ins. Co.* v. *Halcombe,* 57 Neb. 622, [78 N. W. 300, [73 Am. St. Rep. 532].)

We do not consider at all material in this connection the presence of the printed stipulation to the effect that no officer, agent, or representative of the company shall have the power to waive or be deemed to have waived conditions of the policy, unless such waiver shall be written or attached thereto. Such provisions existed in the policies in some of the cases cited, and were not considered effectual to prevent the conduct of the officers of the company from constituting a waiver or estoppel on the company. The doctrine is that the company has knowledge when its proper officer has the knowledge, and if with such knowledge it leads the insured to rely upon his policy as a valid policy, notwithstanding the breach of condition of which it knows, it will not be heard to allege such breach against a claim for a subsequent loss, accruing at a time when, from the conduct of the company, the insured had every right to believe that his property was protected by the policy.

Nor is there anything in the point that the question of waiver or estoppel was not in issue, because plaintiff did not allege a waiver or facts constituting an estoppel in her complaint. It is incumbent upon a plaintiff in an action upon a policy of insurance to allege the performance of conditions precedent, such as the giving of any required notice of loss, etc., and performance of all promissory warranties; but limitations, stipulations, and conditions which are in the nature of conditions subsequent, and go to defeat the liability of the insurer, are matters of defense which, to be available to the insurer, must be alleged in the answer, as they were in this case. To this matter so alleged in the answer, under our system of pleading, any defense by way of replication was open to plaintiff without pleading. (See Ency. Plead. & Prac., p. 414 and note, and p. 422; *Breedlove* v. *Norwich etc. Ins. Co.,* 124 Cal. 164, 168, [56 Pac. 770] ; *Allen* v. *Home Ins. Co.,* 133 Cal. 29, [65 Pac. 138].)

The judgment is reversed and the cause remanded for further proceedings, with directions to the lower court to allow the plaintiff to amend her complaint, if she so desires.

McFarland, J., and Shaw, J., concurred.