[Civ. No. 1136. Second Appellate District.—September 21, 1912.]

## MOSES BALAN and J. P. McGUE, Respondents, v. NATIONAL UNION FIRE INSURANCE COMPANY, a Corporation, Appellant.

FIRE INSURANCE—ACTION ON POLICY—OCCUPATION OF DWELLING—OUTBUILDING—PERSONAL PROPERTY IN DWELLING—CAUSE OF ACTION NOT STATED.—Where a policy of fire insurance covered a one-story frame building and fixtures and general household effects and wearing apparel, and an outbuilding on the premises, and it was made effective as to frame building only while it was occupied solely as a dwelling, and as to the outbuilding only while it was used as such, and the personal property was insured only while contained in the dwelling, in an action on the policy, where the complaint only alleged a destruction of all the property by fire, but contained no allegations as to the uses of the property as provided in the policy, it failed to state a cause of action, and a general demurrer thereto was improperly overruled.

ID.—APPEAL ON JUDGMENT-ROLL—AFFIDAVIT AS TO EVIDENCE NOT CONSIDERED.—Where the appeal is taken only upon the judgment-roll, without any statement of evidence or bill of exceptions, an affidavit to the effect that the evidence at the trial showed that at the time of the destruction of the property insured the buildings were in use as described in the policy, and that the personal property insured was in the dwelling-house, such affidavit cannot be used to cure the failure to allege such facts in the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

John R. Layng, for Appellant.

Parker & Moote, for Respondents.

JAMES, J.—Plaintiffs brought this action to recover for loss sustained by fire, against which they alleged they had been indemnified by defendant under a policy of insurance. The insurance covered a one-story frame building and fixtures, also general household effects and wearing apparel and an outbuilding on the premises. By the terms of the policy, a copy of which was attached to the complaint as an exhibit,

the insurance was made effective as to the first-named build-
ing while it was "occupied only as a private dwelling," and
as to the outbuilding only while the same was being used as
such.   The policy also provided that the personal property
mentioned was insured while it was contained in the dwelling.
Plaintiffs alleged in their complaint that the frame buildings,
together with all of the property described in the policy of
insurance, were destroyed by fire, but the complaint contained
no statement showing that the buildings were being put to the
particular uses limited by the insurance contract at the time
they were destroyed.   In the case of *Arnold* v. *American Ins.
Co.,* 148 Cal. 660, [25 L. R. A., N. S., 6, 84 Pac. 182], it is
held where like conditions of contract and allegations existed,
that the complaint failed to state a cause of action.   The de-
fendant here seasonably raised the question in the superior
court by demurrer to the complaint, but not only was its de-
murrer overruled, but it was penalized in the sum of ten dol-
lars as a condition to its being allowed to file an answer within
five days.   The record shows that the demurrer was presented
to the court by argument.   Respondents do not contend that
the complaint is sufficient, but expressly admit in their brief
that it fails to state a cause of action under the authority
herein cited.   We are asked, however, to consider the contents
of an affidavit filed in this court showing that at the trial of
the action evidence was introduced to the effect that at the
time of the destruction of the property described in the in-
surance policy the buildings were being used as provided in
the policy, and that the personal property was located in the
dwelling-house.   The record on this appeal consists of the
judgment-roll only, there being no statement of the evidence
nor bill of exceptions.   An affidavit cannot be used to supply
any matter which should have been presented in either of the
last-mentioned forms.   The question, therefore, as to whether
the admission of evidence establishing a material fact essen-
tial to a recovery can be made to cure a failure to allege such
fact in a complaint calls for no discussion.

   The judgment is reversed, with direction to the trial court
to sustain the demurrer of defendant to the complaint of
plaintiffs and allow plaintiffs to amend their complaint within
such reasonable time as may seem to the court to be proper.

   Allen, P. J., and Shaw, J., concurred.