[Civ. No. 7024. Second Appellate District, Division Two.—December 16, 1931.]

GRACE WALKER, Respondent, v. THE MECHANICS INSURANCE COMPANY OF PHILADELPHIA (a Corporation), Appellant.

Hindman, Clark & Davis for Appellant.

Walter L. Case for Respondent.

CRAIG, J.—An action was commenced upon a policy of fire insurance on a composition roof four-room frame building and its additions (if any) communicating and in contact therewith, while occupied only for dwelling purposes,

light lunches and soft drinks, and permanent fixtures. Following a trial by the court without a jury, judgment was rendered in favor of the plaintiff, from which judgment the defendant has appealed.

The respondent alleged in her complaint that she was the owner of certain real property, that the defendant for an agreed consideration issued its policy "which is hereto annexed marked exhibit 'A', and by this reference made a part hereof, insuring the buildings on said property"; and that "that certain four-room dwelling and its additions as described in said policy of insurance were totally destroyed by fire"; that she furnished proofs of loss, and that the whole amount specified in said policy was due. The defendant denied the loss, admitted the furnishing of proofs of loss, and also denied compliance by the insured with the terms of the contract, and its liability thereunder.

The principal ground of appeal consists of an asserted insufficiency of the allegations of the complaint and of the evidence to justify a judgment in favor of the plaintiff. In amplification of this contention it is claimed that the respondent did not plead that the premises were occupied solely for residence purposes, and that the evidence and findings of fact failed to specify any amount of loss or that the contract embraced the property destroyed. It does appear that "the composition roof 4-room frame building and its additions . . . communicating and in contact therewith while occupied only for dwelling house purposes, light lunches and soft drinks", were insured in the sum of one thousand dollars against damage or loss by fire, and that the policy was made a part of the complaint. Respondent testified that there was a loss, and that she furnished proofs of loss, which proofs were admitted by the answer. She further testified that her dwelling-house, garage, lunch stand and oil station were located on the premises described as a four-room composition roof building, and "was all one big building", though each was leased and was separate and distinct from the others. ▮ Resolving all intendments in favor of the findings and judgment, we must presume that the trial court found that each of the subordinate structures consisted of additions in contact and communicating with the house while occupied only for dwelling purposes, within contemplation of the language

of the policy. But there is neither allegation nor evidence tending to support such a finding, since it does not appear that the house was occupied, and said policy expressly became inoperative "while there be kept, used or allowed on the described premises . . . exceeding one quart each of benzine, gasoline, naphtha or ether". The respondent admitted from the stand that a portion of the premises was "being occupied as a lunch stand and oil station at the time of the fire". We think it not an abuse of judicial cognizance to assume that an "oil station", maintained for the storage and sale of gasoline, is a use of premises intended to be excepted by the above clause of the policy in question, covering a dwelling and specified incidents.

We are not unmindful of the rule requiring liberal construction in favor of the insured, asserted by the respondent, but obvious departures from such contracts may not be lightly disregarded, nor their clear prohibitions sanctioned, by judicial construction in favor of one who violates their expressed and unambiguous provisions. The complaint nowhere alleged, nor did the plaintiff attempt to show by evidence, that the house was occupied as a dwelling-house at the time of the fire. "That such allegations were essential to the statement of a cause of action is very clear, and is practically admitted by plaintiff, who relies entirely upon the contention that, it not appearing that the point was specially made in the lower court, any defect in this respect was cured by the answer thereto. . . . Such a defect is not cured by verdict or judgment, even in the absence of any objection by demurrer or answer in the lower court, and objection made on account thereof may be made at any time. (Code Civ. Proc., sec. 434.)" (*Arnold* v. *American Ins. Co.*, 148 Cal. 660 [25 L. R. A. (N. S.) 6, 84 Pac. 182].)

The judgment is reversed, with directions that the respondent be granted leave to amend her complaint if she be so advised.

Works, P. J., and Thompson (Ira F.), J., concurred.