[Civ. No. 26360. Second Dist., Div. Three. Aug. 5, 1963.]

MYRTLE GREENE KENNEDY, Plaintiff and Appellant, v. UNDERWRITERS AT LLOYD'S, LONDON, Defendant and Respondent.

Voegelin, Barton, Harris & Callister and E. Talbot Callister for Plaintiff and Appellant.

Overton, Lyman & Prince and Fred S. Lack, Jr., for Defendant and Respondent.

FILES, J.—This is an action upon an accidental death policy, plaintiff being the beneficiary and defendant the insurer. A jury returned its verdict for defendant, and plaintiff has appealed.

On June 16, 1958, the deceased, who was then 80 years of age, fell on some porch steps. He was taken to the county hospital where he remained for one week. X-rays did not indicate any broken bone. He was in the hospital again from June 27 until July 11. After that he was in a sanitarium until he was taken back to the county hospital on August 1. He died on August 3, 1958. The cause of death, as shown on the death certificate, was bronchopneumonia. Other conditions noted on the certificate were recent coronary artery occlusion, general debilitation and pulmonary emphysema.

The insurance policy provided that payment would be made if ''the Assured shall sustain any accidental bodily injury which shall, solely and independently of any other cause within twelve (12) calendar months from the date of the accident . . . , occasion the death of the Assured. . . .''

The answer of the defendant admitted that the insurance was in force, but denied that the death had resulted from accidental injury, and alleged further that plaintiff had failed to give immediate notice of death as required by the terms of the policy.

Plaintiff produced the testimony of a physician who was of the opinion that the decedent's fall ''set in chain a series of events which led inevitably to his death.'' Defendant's medical witnesses stated that the fall was not the cause of the death. Plaintiff makes no contention here that the verdict was not supported by substantial evidence.

Plaintiff's appeal is based upon her contention that the trial court erred in instructing the jury that plaintiff had the burden of proving that notice of death had been given in accordance with the terms of the policy. The policy provided, ''In the event of death, immediate notice must be sent to Underwriters or THE UNDERSIGNED [Swett & Crawford].'' Plaintiff testified that on August 4, 1958, she telephoned the office of Swett & Crawford and spoke to a claims agent with whom she was personally acquainted. She told him of the decedent's death. Written proof of loss was not submitted until about February 9, 1959. On cross-examination plaintiff conceded that when her deposition had been taken she had

testified that the first conversation with the claims man had not been on August 4, but had been "shortly after he died. . . . About three days later." No other evidence was offered on the issue of notice. The trial court instructed the jury that notice may be given orally, and that if there was an unreasonable delay in giving notice such delay may be excused if the insurance company suffered no substantial prejudice because of it.

 It was not error to instruct the jury that plaintiff had the burden of proving that she had given the notice required by the policy. The giving of the notice provided for in an insurance policy is generally spoken of as a condition precedent to the insurer's duty to pay. (See *Arnold* v. *American Ins. Co.*, 148 Cal. 660, 668 [84 P. 182, 25 L.R.A. N.S. 6]; *Abrams* v. *American Fidelity & Cas. Co.*, 32 Cal.2d 233, 236 [195 P.2d 797]; *National Auto. & Cas. Ins. Co.* v. *Brown*, 197 Cal.App.2d 605, 609 [17 Cal.Rptr. 347]; *Hall* v. *San Jose Abstract & Title Ins. Co.*, 172 Cal.App.2d 421, 426 [342 P.2d 362]; *Artukovich* v. *St. Paul-Mercury Indem. Co.*, 150 Cal. App.2d 312, 326 [310 P.2d 461].) The burden of proof is upon the plaintiff to plead and prove compliance or an excuse for noncompliance with such a condition. (See *Arnold* v. *American Ins. Co., supra*; Notes (liability insurance): 76 A.L.R. 23, 212; 123 A.L.R. 950, 986; 18 A.L.R.2d 443, 504; Note (motor vehicle theft insurance): 66 A.L.R. 2d 1280, 1285.) Pertinent here is this comment of Professor Corbin concerning notice as a condition precedent:

"When a promisor has not expressly made notice a condition precedent to his duty of performance, in what kinds of cases will the giving of notice to him be a condition precedent to his duty to perform, either by implication or by construction of law? It is believed that the most general rule that can safely be laid down in this matter is as follows. Notice need not be given to a promisor who has the same or substantially equivalent sources of information with respect to the facts or events, knowledge of which is necessary for performance, as those that are available to the promisee. If the promisor can find out the facts for himself as easily as the promisee can find them out and give notice of them, the giving of notice will not be a condition precedent to the promisor's duty of performance, unless he has clearly so specified in the contract. If, on the other hand, the sources of information available to the two parties are not equiva-

lent and it is much more difficult for the promisor to find out the facts for himself than it is for the promisee to find out and give notice, it should usually be held that the giving of notice to the promisor is, by construction of law, a condition precedent to his duty to perform.'' (3A Corbin on Contracts, § 724.)

Plaintiff bases her argument upon some language appearing in *Woodman* v. *Pacific Indem. Co.*, 33 Cal.App.2d 321, 330 [91 P.2d 898], where the court said: ''Certainly the giving of timely notice of an accident and of cooperating in its investigation, and the defense of an action based upon it, are not conditions precedent to the validity and enforceability of an insurance policy. Of course, under some circumstances breach of these obligations by an assured may relieve the insurer from liability.''

The *Woodman* case was an action against an insurer on a public liability policy, plaintiff being the party who held an unsatisfied judgment against the insured. In the action against the insurer the plaintiff neglected to allege that the insured had performed all of the terms of the policy, and upon that ground the insurer sought a reversal of the judgment against it on the policy. The statement of facts indicates that the insurer had suffered no prejudice from any lack of notice or lack of cooperation, and for this reason the defendant was not entitled to a reversal because of the pleading defect.

In the language quoted above concerning the pleading, the court lumped together the duty to give notice and the duty to cooperate. Where the insured has given notice, he should ordinarily be able to prove this simple fact without difficulty and it is not unreasonable to require him to do so. On the other hand, proof that he cooperated with the insurer could involve an unlimited variety of facts. It would be a waste of time to require the insured to prove in every case the extent of his assistance to the insurance company. Since serious non-cooperation occurs in only a small proportion of the cases, it is not surprising to find decisions which place upon the insurer the burden of pleading and proving that the insured has breached his duty to cooperate. (*Norton* v. *Central Surety & Ins. Co.*, 9 Cal.App.2d 598, 601 [51 P.2d 113]; Notes: 72 A.L.R. 1446, 1453; 98 A.L.R. 1465, 1468; 139 A.L.R. 771, 777.)

The *Woodman* opinion cited as authority a dictum from a

fire insurance case, *Arnold* v. *American Ins. Co.*, 148 Cal. 660, 662 [84 P. 182, 25 L.R.A. N.S. 6], but appears to have overlooked the language of that opinion drawing a distinction between the notice requirement and certain other conditions in the policy. The *Arnold* opinion contains this language at page 668: "It is incumbent upon a plaintiff in an action upon a policy of insurance to allege the performance of conditions precedent, such as the giving of any required notice of loss, etc., and performance of all promissory warranties; but limitations, stipulations, and conditions which are in the nature of conditions subsequent, and go to defeat the liability of the insurer, are matters of defense which, to be available to the insurer, must be alleged in the answer, as they were in this case."

Plaintiff also asserts, without citation of authority, that the trial court erred in instructing the jury that plaintiff had the burden of proving that due notice of the autopsy had been given. Neither the pleadings nor the pretrial statement raised any issue of any default with respect to notice of the autopsy. However, both parties requested that the jury be instructed on this subject and some instructions were given. Plaintiff testified that the county hospital had asked if she would consent to an autopsy, and she did give her consent, and she told the claims agent at Swett & Crawford the same day. There was no contradictory evidence on this subject, and no evidence that plaintiff herself requested or suggested that a post-mortem examination be made.

The court instructed the jury that if the autopsy was not made at the instance of plaintiff, she was not required to give notice thereof to defendant. Upon this record, if it be assumed that the instruction regarding burden of proof on this issue was erroneous, there could be no prejudice. It is most improbable that the jury would have concluded from this evidence that an autopsy had been conducted at the instance of plaintiff and that she had failed to inform the defendant's agent.

Finally, plaintiff asserts that defendant waived any defense of lack of notice under the policy and that it was therefore error to submit such issues to the jury. It is much too late for plaintiff to make that contention. Plaintiff's position in the trial court, as reflected in her complaint, the pretrial statement, and the requests for jury instructions, was that plaintiff had performed all conditions. The real contest

was as to the cause of death. The defense with respect to procedural conditions of the policy was perfunctory and it is doubtful that the jury was the least bit interested in those subjects. To the extent that such matters were litigated at all, the issue was compliance, not waiver.

No contention is made on behalf of defendant that the general verdict implies that the death was not accidental and that the judgment should be affirmed on that ground. It is therefore unnecessary to consider or pass upon that question.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.