[Sac. No. 800.   In Bank.—December 31, 1901.]

CYRUS PENROSE, Guardian, etc., of ORA M. P. EILER and REBECCA J. EILER, Minors, Respondent, v. I. S. WINTER et al., Defendants.   BANK OF SHASTA COUNTY, Appellant.

FORECLOSURE OF MORTGAGE—PLEADING—NON-PAYMENT—LEGAL CONCLUSION—DEFAULT JUDGMENT—CASE OVERRULED.—In an action to foreclose a mortgage, an averment in the complaint, that a specified sum "is now due and owing," etc., though the statement of a legal conclusion, in which the material fact of non-payment is implied, is sufficient to sustain a judgment by default. The case of *Ryan* v. *Holliday*, 110 Cal. 337, so far as holding to the contrary, is overruled. [McFarland, J., dissenting.]

ID.—MORTGAGE TO FORMER GUARDIAN—AVERMENT OF ASSIGNMENT—LEGAL CONCLUSION.—Where the mortgage was made to a former guardian of the estate of the minors interested therein, an averment that the plaintiff was afterwards appointed as their guardian, and that as guardian of the minors and as successor of the mortgagee, etc., is now the lawful owner and holder of the note and mortgage, though involving a legal conclusion, sufficiently implies an assignment from the former guardian to support a default judgment.

APPEAL from a judgment of the Superior Court of Shasta County.   John F. Ellison, Judge.

CXXXV. Cal.—19

The facts are stated in the opinion of the court.

Watson & Bush, for Appellant.

F. P. Primm, for Respondent.

BEATTY, C. J.—This is an action to foreclose a mortgage made by the defendant Winter to a former guardian of the minors, Ora and Rebecca Eiler. The Bank of Shasta, a corporation, was joined as a defendant, for the reason, as alleged, that it claimed some interest in, or lien upon, the mortgaged premises, subject and subordinate ·to the lien of the mortgage. It was duly served with summons, but made default, whereupon a decree was entered in favor of the plaintiff. From this decree the corporation appeals, claiming that the complaint is so fatally defective that the judgment cannot stand.

The substance of the complaint is, that on the twenty-fifth day of July, 1893, John S. Craig was the duly appointed, qualified, and acting guardian of said minors; that on said day I. S. Winter made and delivered his note and mortgage to said Craig as guardian of said minors; that afterwards the plaintiff herein was duly appointed, and is now the duly qualified and acting guardian of said minors, as successor of said Craig; that, as the guardian of said minors, and as the successor of said Craig, he is now the lawful owner and holder of said note and mortgage; that certain payments thereon have been made, and that there is now due and owing from said Winter to the plaintiff, as guardian, the sum of $982.72, with interest.

The defects in this complaint which it is claimed are fatal are,—1. That it does not allege non-payment of the note; and 2. That it does not allege an assignment of the cause of action to the plaintiff.

The point of the first objection is, that the allegation that "there is now due and owing," etc., is not an allegation of any fact, but states a mere conclusion of law, and the case of *Ryan* v. *Holliday*, 110 Cal. 337, is cited to the proposition that such a statement of a legal conclusion cannot be held to supply the place of a direct allegation of the material fact that the debt is unpaid. In that case, as in this, the appeal was from a default judgment, and it was held that the fact that no demurrer had been interposed, and that the judgment had gone

by default, made no essential difference, since the defect was in the statement of a cause of action, which was not waived by a failure to demur. There seems to be no ground upon which that case can be distinguished from this. It is true that in this complaint it is alleged that after certain payments, the last of which was made November 20, 1895, (nearly two years before the commencement of the action,) there remained due and unpaid *at that date* a balance of $982.72. But it was not material to show what remained unpaid at a date prior to the commencement of the action, and it was material to show what remained unpaid at that time. This the complaint makes no attempt to do, except by the allegation that a certain sum "is due and owing"—the same allegation held fatally defective in *Ryan* v. *Holliday,* 110 Cal. 337. And since that case cannot be distinguished, we must either overrule it or reverse this judgment for failure of the complaint to state a cause of action. My opinion is, that we should recede, not from the doctrine of that case,—that in a suit upon a promise to pay, an allegation of non-payment is essential,—but from what I conceive to have been a misapplication of a sound rule of pleading to a case it did not fit. There was not in that case any more than there is here a total failure to allege non-payment. It is true that the allegation was made in the form of a legal conclusion, in which the material fact was merely implied, but, in the absence of any demurrer, such faults of pleading are cured by the judgment, and this is shown by the first case there cited to support the decision. In *Frisch* v. *Caler,* 21 Cal. 71, the fact of non-payment was not directly alleged, "the allegation being that there is now due," etc., "which is a mere conclusion of law." But, nevertheless, the judgment was affirmed, the court merely remarking that the allegation as made "would not have stood the test of a demurrer."

In the next case cited (*Scroufe* v. *Clay,* 71 Cal. 123), the objection to the complaint was raised by special demurrer; and the same observation applies to the case of *Roberts* v. *Treadwell,* 50 Cal. 520.

In *Barney* v. *Vigoreaux,* 92 Cal. 631, the judgment was by default; but in that case there was not only no allegation that the note was unpaid,—there was not even an allegation that anything was due or owing; there was neither direct nor

implied allegation of the material fact. It thus appears that not one of the cases cited in *Ryan* v. *Holliday*, 110 Cal. 337, sustains the opinion upon the point decided, while the first and leading case is plainly inconsistent with it.

The other cases cited in the appellant's brief to the same point are all subject to the same criticism. *Wise* v. *Hogan*, 77 Cal. 188, is not in point. In *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 506, the objection was raised by demurrer, as it was also in *Hurley* v. *Ryan*, 119 Cal. 72, and in *Hawley etc. Co.* v. *Brownstone*, 123 Cal. 646. In *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 506, and in *Hurley* v. *Ryan*, 119 Cal. 72, there was no attempt to allege non-payment, either directly or indirectly. In *Notman* v. *Green*, 90 Cal. 172, it was alleged, in effect, that nothing remained due or unpaid, which was of course fatal.

The result of this review of our previous decisions is to show that the only one which sustains the position of the appellant is itself not only unsustained by authority, but stands opposed to the leading case upon which it is rested for support. My opinion is, that in view of this course of decision, and upon considerations of justice and convenience, it ought to be held that the allegation that there is now due and owing, etc., is sufficient to sustain a default judgment.

The second objection to the judgment is, that the complaint shows the note and mortgage to have been given to John S. Craig, described in both instruments as the guardian of Ora and Rebecca Eiler, minors, etc.; that this shows that Craig had the legal title to the note, and there is no allegation of an assignment to plaintiff. This objection, I think, is answered by the same reasoning that answers the objection that there is no allegation of non-payment. It is true there is no direct allegation of an assignment, but there is an allegation which implies an assignment. It is alleged that the plaintiff, as the guardian of said minors, and as successor of Craig, etc., is now the lawful owner and holder of the note and mortgage. If an assignment was necessary to make plaintiff the lawful owner and holder of the mortgage, then he has alleged a legal conclusion which implies an assignment, and this, after judgment by default, is sufficient to support the judgment.

It may be added that the objection last considered would come with more force from the maker of the note and mortgage than from the appellant. To him it is a matter of serious

concern that a judgment should be given only in favor of the person having the strict right to recover. But the appellant is in no danger of a second recovery, in any event, and every defense available to it could have been made as conveniently and effectively against the suit of this plaintiff as it could have been made in an action by the original payee of the note. There is, in short, no substantial merit in the appeal, and the merely technical objections to the judgment are too refined to prevail against its substantial justice.

The judgment is affirmed.

Van Dyke, J., Harrison, J., Garoutte, J., and Henshaw, J., concurred.

McFARLAND, J., dissenting.—I dissent. In my opinion the case of *Ryan* v. *Holliday*, 110 Cal. 335, was properly decided. A complaint like the one in the case at bar, in which there is no averment of non-payment, does not state facts sufficient to constitute a cause of action, and a general demurrer to such complaint should be sustained. No special demurrer in such a case is necessary. And, of course, the objection that a complaint does not state facts sufficient to constitute a cause of action may be taken at any time. Such an objection is not waived by default.