[Civ. No. 574.    Second Appellate District.—May 20, 1909.]

## C. P. STEWART, Respondent, v. O. H. BURBRIDGE and E. J. OWENS, Appellants.

ACTION FOR BREACH OF CONTRACT—SUFFICIENCY OF FINDING—AMOUNT UNPAID—SUM "DUE AND OWING."—In an action for breach of contract, a finding that before the commencement of the action plaintiff demanded the sum payable, "but that said defendants and each of them have failed, neglected and refused, and still fails, neglects and refuses, to pay said plaintiff the said sum, . . . any part thereof, and there now remains due and owing from the said defendants to the said plaintiff the sum" specified, implies a sufficient finding that the sum "due and owing" remained unpaid at the time of the finding.

ID.—DEFECT IN FORM OF COMPLAINT IMPLYING MATERIAL FACT—ABSENCE OF DEMURRER—CURE BY JUDGMENT.—Any mere defect in the form of the complaint in averring a conclusion which implies a material fact is, in the absence of a demurrer, cured by the judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County.    George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Oscar A. Trippet, Arthur M. Ellis, and Alfred Siemon, for Appellants.

Woodruff & McClure, for Respondent.

TAGGART, J.—The appeal in this case is from the judgment and from an order denying a new trial.   The only error urged is that in finding of fact IV, which reads as follows: "That the said plaintiff, has prior to the beginning of said action demanded of and from said defendants and each of them his proportion of said five thousand dollars ($5,000), to wit, one thousand six hundred sixty-six and two-thirds ($1,666-2-3) as a commission for making said sale but that said defendants and each of them have failed, neglected and refused and still fails, neglects and refuses to pay said plaintiff the said sum of one thousand six hundred sixty-six and two-thirds dollars ($1,666 2-3) or any part thereof and there now remains due and owing from the said defendants to the said plaintiff the sum of one thousand six hundred and sixty-six and two-thirds dollars ($1,666 2-3) over and above all counter

charges and offsets," the words "due and owing" state a conclusion of law and not a finding of fact. That the finding as so worded does not dispose of the issue of nonpayment essential to a judgment, and therefore the judgment lacks this finding of fact necessary to its support.

It is a matter of some surprise that counsel should ask this court to reverse a judgment upon this ground alone on the record in this case, and upon the authority of *Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772], and *Ward* v. *Clay,* 82 Cal. 502, [23 Pac. 50, 227]. In the latter case the court says that the finding that a sum was "due and owing" implied that the sum remained "unpaid," and this was held to be a sufficient finding of nonpayment. In the former case, Beatty, C. J., writing the opinion, in considering the case of *Ryan* v. *Holliday,* 110 Cal. 337, [42 Pac. 892], in which an allegation in a pleading that "there is now due and owing" was held to be a mere conclusion of law and fatally defective when attacked on appeal from a judgment by default without a demurrer to the pleading having been interposed, says: "My opinion is, that we should recede, not from the doctrine of that case,—that in a suit upon a promise to pay, an allegation of nonpayment is essential,—but from what I conceive to have been a misapplication of a sound rule of pleading to a case it did not fit. There was not in that case any more than there is here a total failure to allege nonpayment. It is true that the allegation was made in the form of a legal conclusion, in which the material fact was merely implied, but, in the absence of any demurrer, such faults of pleading are cured by the judgment."

*Penrose* v. *Winter* is recognized as of full weight and authority in the respect above quoted in the later cases of *Knox* v. *Buckman Co.,* 139 Cal. 598, [73 Pac. 428], and *Arnold* v. *American Ins. Co.,* 148 Cal. 660, [84 Pac. 182]. No other point being urged, and the one discussed being without merit, the judgment should be affirmed. The appeal from the order having heretofore been dismissed by this court, the judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 18, 1909.