[Civ. No. 686.   Second Appellate District.—September 30, 1909.]

# NICHOLAS TREIS, Respondent, v. BERLIN DYE WORKS AND LAUNDRY COMPANY, a Corporation, Appellant.

ACTION FOR PRICE OF BOXES—NONPAYMENT—FINDING THAT AMOUNT "WAS DUE AND OWING."—In an action to recover the price of boxes manufactured and delivered to defendant by plaintiff's assignor, in which the complaint alleges nonpayment, a finding that the amount sued for "was due and owing," though objectionable as being in the form of a conclusion, and as relating to the date of the complaint and not of the trial, sufficiently shows nonpayment as of the date of the complaint, and in the absence of any finding to the contrary, sufficiently implies existing nonpayment at the date of the finding.

ID.—ORDER FOR SPECIFIED NUMBER OF BOXES—NOTICE OF INABILITY TO FURNISH FULL NUMBER—NEGLECT OF DEFENDANT—ESTOPPEL.— When the box company was ordered to furnish boxes of a specified character to the number of ten thousand, and promptly notified defendant of its inability to furnish the full number, and actually furnished two hundred and eighty-eight less than the number ordered, and defendant, after the lapse of a reasonable time for such notice, neglected to state, as it might have done, that it would not accept a less number, the facts show a case within the principle of equitable estoppel, that he who fails to speak when he ought to speak will not be heard to speak when he ought to be silent.

ID.—ABSENCE OF EVIDENCE UPON APPEAL—INTENDMENT—SUPPORT OF ESTOPPEL FOUND.—Where no evidence is returned upon appeal, every intendment must be resolved in favor of the judgment based upon the findings and conclusion that the defendant was estopped from any defense resting upon the failure of the box company to ship the full number of boxes ordered.

ID.—CONSTRUCTION AND EFFECT OF DEFENDANT'S SILENCE.—The silence of the defendant, after the duty was imposed upon it to speak, must be construed as intended to influence the box company to engage in an undertaking to its detriment, and to have had the effect to mislead it, and cause it to incur expense in making and shipping boxes which defendant knew were two hundred and eighty-eight less than the number ordered.

ID.—AMOUNT OF JUDGMENT AS COMPARED WITH AGREED PRICE—PRESUMPTION.—Where the agreed price of the ten thousand boxes was $332.50, and the court gave judgment for $322.09, it must be presumed that the difference in the amounts was the value of the two

hundred and eighty-eight boxes not delivered. Upon that theory the judgment is correct, and must be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Goldberg & Meily, for Appellant.

Adams, Schaertzer & Binford, for Respondent.

SHAW, J.—Appeal from judgment upon the judgment-roll.

On September 28, 1906, defendant in writing ordered plaintiff's assignor, the Commercial Envelope and Box Company, to ship it (the defendant) ten thousand boxes. The order set forth in the complaint contained full specifications as to material, sizes and quality of the boxes, and prescribed certain lettering to be printed thereon. It was also provided that five thousand of the boxes so ordered should be shipped as soon as the box company could get them ready for shipment, and the remainder of said order to be shipped in January, 1907. It is alleged in the complaint that the Commercial Envelope and Box Company did ship to defendant the ten thousand boxes so ordered and did everything required of it to be done in filling said order; that the agreed value of said ten thousand boxes so ordered was $322.09; and that neither said sum nor any part thereof has been paid. The answer is a general denial.

The court, in effect, found that in the month of October defendant received notice from the box company that it intended to ship a less number of boxes than called for, in the fulfillment of the contract, but, notwithstanding the fact that defendant had such notice, it failed to notify the box company that it would refuse to accept the boxes unless the full number called for by the order were shipped, although, had it so desired, it could have given notice of such intended refusal. The court further found that on November 6, 1906, said Commercial Envelope and Box Company, assignor of plaintiff, shipped to defendant 9,712 of the boxes so ordered,

and no more, and that plaintiff's assignor, the box company, did fully comply with the terms of said order, except that it shipped 288 less than called for by the order. Defendant refused to receive the 9,712 boxes, or any part thereof. Judgment was rendered as prayed for in the complaint.

Issue was joined upon the question of nonpayment, as to which the court found "that there was due and owing under the contract" from defendant to plaintiff the sum of $322.09. Appellant insists that such finding is insufficient in that it is not a finding of fact, but a mere conclusion of law, and that the finding that such sum *was due* does not negative a subsequent payment thereof. The finding is not one to be commended, and it is objectionable, both by reason of its being in the form of a conclusion and in the wording thereof, which relates to a time anterior to the trial. While the question is not free from difficulty, nevertheless, the finding must be held sufficient upon the opinion in *Stewart* v. *Burbridge,* 10 Cal. App. 623, [102 Pac. 962], where it is expressly held by this court that a finding that a sum remains "due and owing" is a sufficient finding as to nonpayment. In the consideration of that case this court had before it the opinion of the supreme court in *Clay* v. *Ward,* 82 Cal. 502, [23 Pac. 227], where the court, in considering the sufficiency of a finding upon the issue of nonpayment based upon the use of the words "due and owing," says: "This implied that the balance found to be due and owing remained unpaid." It is true that in denying a petition for a rehearing therein Chief Justice Beatty expressed an opinion to the effect that such finding was a mere conclusion of law, and insufficient as a finding of fact covering the issue of nonpayment, but holding that such issue in that case was covered by other facts found constituting a sufficient finding of nonpayment. In the subsequent case of *Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772], the court held that an allegation in the complaint that a certain sum was "due and owing" implied that it was unpaid. The conclusion of this court in *Stewart* v. *Burbridge,* 10 Cal. App. 623, [102 Pac. 962], is based upon the principle announced in the Penrose case, and appears to be supported by the opinion of the supreme court in *Clay* v. *Ward,* 82 Cal. 502, [23 Pac. 227]. If the use of the words "due and owing" in an allegation imply that the sum is unpaid, it would seem that a like im-

plication must follow their use in a finding upon the issue of nonpayment. That it *was* unpaid relates back to the time of the filing of the complaint, and being then unpaid, and in the absence of any finding to the contrary, it follows that it was unpaid at the date of the trial.

The court found as a conclusion of law that defendant was estopped from any defense based upon the failure of the box company to ship the full number of boxes ordered. Appellant insists that this conclusion is erroneous. It appears from the record that the boxes were to be manufactured in accordance with specifications, which called for three different sizes, with certain matter printed upon them, as per sample of cover submitted to the box company. The court, in effect, found that prior to shipping the boxes plaintiff's assignor notified defendant of the former's inability to supply the full number of boxes ordered, and that defendant had time within which it could have notified plaintiff's assignor that it would not accept less than the full number called for in the order, but that it did not do so. It does not appear from the findings when plaintiff's assignor gave this notice, other than in the month of October prior to shipment on November 6th, neither does it appear that the box company notified defendant of the exact number of boxes which it was able to furnish. In the absence of the evidence, which is not brought up, every intendment must be resolved in favor of the judgment. We must, therefore, assume, the contrary not appearing, that plaintiffs' assignor notified defendant that it could supply the number of boxes which it did, in fact, ship, namely, 9,712. The fact that the boxes ordered were in size and manufacture to comply with particular specifications contained in the order, and that the evidence may have shown that all the work required to fill an order specially adapted to the wants of defendant was done subsequent to the expiration of a reasonable time after the giving of the notice, brings the case within the well-recognized equitable rule that he who is silent when he ought to speak shall not be heard to speak when he ought to be silent. The circumstances were such that the notice given by plaintiff's assignor to defendant in October imposed upon defendant, if it was unwilling to accept less than the stipulated number of boxes, the duty of signifying its disapproval of the proposed shipment of 9,712 toward filling the order.

The defendant's silence must be construed to have been intended to influence the box company to engage in an undertaking prejudicial to its interest. The obvious effect of such conduct on the part of the defendant was to lead the box company to do otherwise than it would have done if the defendant had expressed its disapproval of such proposed action. By reason thereof plaintiff's assignor incurred the expense of making and shipping the boxes which defendant knew was 288 less than the number ordered. (*Alvord* v. *United States,* 8 Ct. of Cl. 364; *Scharman* v. *Scharman,* 38 Neb. 39, [56 N. W. 704]; *Newmarket Iron Foundry* v. *Harvey,* 23 N. H. 395; *Maxwell* v. *Bay City Bridge Co.,* 46 Mich. 278, [9 N. W. 410].)

The case at bar is easily distinguishable from those cases like *Deane* v. *Gray Bros. etc. Co.,* 109 Cal. 433, [42 Pac. 443], and *Mickelson* v. *New East Tintic Ry. Co.,* 23 Utah, 42, [64 Pac. 463], wherein the court held that the defendants were not required to take *affirmative action* under the circumstances existing in those cases.

The price agreed to be paid for the ten thousand boxes as shown by the order was $332.50. The court gave judgment for $322.09. We assume the difference in the amounts to be the value of the 288 boxes not delivered. Upon such theory, the judgment is correct, and it is therefore affirmed.

Allen, P. J., and Taggart, J., concurred.