[L. A. No. 2507. Department One.—June 16, 1910.]

## BYRON JACKSON MACHINE WORKS (a Corporation), Respondent, v. HUGH P. DUFF, Appellant.

Sale of Pumps—Delay in Delivery—Loss by Fire—Reconstruction —Waiver.—Where pumps sold were to have been delivered April 1, 1906, and they were ready for shipment when they were destroyed by the fire of April 18, 1906, and upon report of the loss, the purchaser acquiesced in delay until others were reconstructed in their place, the purchaser thereby waived any claim for damages for nondelivery at the time agreed, prior to the destruction.

Id.—Guaranty of Efficiency—Waiver.—Where a guaranty of efficiency of the pumps contemplated a settlement thereof by agreed test prior to the installation and acceptance of the pumps, the retention and installation thereof without test or objection to the quality for more than three months, having full opportunity to discover any breach of quality immediately, are sufficient to warrant the conclusion that defendant accepted the pumps in discharge of the contract, and thereby waived all claim for damages on account of breach of quality.

Id.—Action to Recover Price.—All damages having been waived, the vendor was entitled to recover the contract price for the pumps, without diminution.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Paul H. McPherrin, for Appellant.

Gibson, Trask, Dunn & Crutcher, for Respondent.

ANGELLOTTI, J.—This is an action brought to recover the price of certain pumps and pumping machinery furnished defendant by plaintiff. The claim of plaintiff amounted to $6,580.48, being for three pumps at an agreed aggregate price of $6,400 and certain other articles, less $1,200 paid in cash on November 28, 1906, and $164.40 in merchandise, or $5,216.08, for which last-named sum with $803.76 interest judgment was awarded plaintiff. Defendant appeals from the judgment and from an order denying his motion for a new trial.

The controversy on the trial was as to the pumps, and principally as to the first two pumps furnished, defendant claiming to have been damaged in a large amount by reason of the non-delivery of such pumps at the time originally agreed on, and by reason of the alleged fact that such pumps did not show a mechanical efficiency to the extent guaranteed.

The agreement for the first two pumps was made about January 31, 1906. It consisted of a written proposition by plaintiff, accepted by defendant. It was for two ten-inch special Jackson vertical centrifugal pumps, with necessary fittings, at an agreed price of four thousand dollars, to be constructed, delivered, and installed on or before April 1, 1906, "if not delayed by elements or conditions over which they (plaintiff) have no control." It was agreed that said pumps "shall show a mechanical efficiency of not less than seventy-two per cent when working under the conditions named herein, same to be tested in our (plaintiff's) factory in the presence of your engineer or representative." No question appears to be raised on this appeal as to the third pump, the agreed price of which was twenty-four hundred dollars.

The first pump was not delivered on the ground until June 11, 1906, or installed until July 14, 1906, on which date it was accepted by defendant without objection of any kind either on account of delay in delivery or lack of efficiency, and has ever since been used and operated by him. The second pump was delivered on the ground on July 20, 1906, and installed August 11, 1906, when it was likewise accepted by defendant without objection or claim of any kind, and has ever since been used and operated by him. No claim of any damage by reason of delay or lack of efficiency or anything else was ever made until after the payment of the twelve hundred dollars on account. It was found that at the time of the great San Francisco fire, April 18, 1906, the two pumps were practically ready for shipment, but were destroyed by such fire, and that defendant being notified by plaintiff of all the facts acquiesced in and agreed to their subsequent reconstruction. The evidence clearly indicated that the delay occurring prior to such destruction was with the full acquiescence of defendant. The findings of the trial court in regard to the matter of the delay in delivering the pumps, so far as attacked, are sustained by the evidence, and warranted the conclusion that defendant

had waived any and all claims for damages which he might otherwise have had by reason of such delay.

The same conclusion was reached by the trial court on the question of the efficiency of the first two pumps, and we think that this conclusion of the learned trial judge is sustained by findings of fact based on sufficient evidence. The written proposition of plaintiff in this regard clearly contemplated a settlement of the question of mechanical efficiency prior to installation of the pumps on the ground and the acceptance thereof by the defendant. The language of the writing was that the test in this regard was to be "in our (plaintiff's) factory in the presence of your engineer or representative." No suggestion as to a test of the efficiency of either of said pumps was made by defendant until months after their installation and acceptance by defendant. The defendant had continually urged their shipment as soon as possible and on their receipt they were installed and accepted without any question raised as to their efficiency. It may be that under the circumstances appearing defendant could have refused to accept the pumps after they were shipped from the factory until a satisfactory test had been made in the presence of his own engineer or representative, or that, in accepting them, he could have reserved the right to object to the quality if they did not measure up to the guaranty, but this he did not do. On the contrary, he, necessarily knowing that no such test as was prescribed had been made and further having full opportunity to examine and test the pumps, absolutely accepted and thenceforth used and operated them without objection of any kind until after November 28, 1906. The facts were such as to warrant the conclusion that, so far as the guaranty was concerned, defendant accepted the pumps, in discharge of the contract, and thereby waived all claims for damages on account thereof. The case of *Jackson* v. *Porter Land etc. Co.,* 151 Cal. 32, [90 Pac. 122], is in line with our conclusion. (See, also, *Albin Co.* v. *Kentucky Table Co.,* (Ky.) 67 S. W. 13; *Guernsey v. West Coast Lumber Co.,* 87 Cal. 249, [25 Pac. 414].)

Our conclusion upon the points discussed practically disposes of all contentions of the appellant requiring discussion.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.