[Civ. No. 986.  Second Appellate District.—May 3, 1911.]

## FIRST STATE BANK OF CALEXICO, Respondent, v. J. C. BLACKINTON, Appellant.

ACTION UPON NOTE—DEFAULT JUDGMENT—PLEADING—PART PAYMENT OF INTEREST—FURTHER NONPAYMENT NOT ALLEGED—ERRONEOUS JUDGMENT.—In an action upon a promissory note, where the judgment was by default, and the complaint alleged payment of interest up to a specified date, but there is neither direct allegation of nonpayment of the interest after such date nor an allegation from which such fact is implied, and there is nothing in the complaint upon which to base a judgment for further interest, a judgment therefor is erroneous.

ID.—DATE OF FILING COMPLAINT NOT SHOWN—MODIFICATION AS TO EXCESS NOT COMPUTABLE—REVERSAL.—Where the date of the filing of the complaint is not shown by the record upon appeal, there is no basis upon which the amount of the excess of the interest may be computed, so as to justify a modification of the judgment; and it is held that the judgment must be reversed and the cause remanded for such further action as to the parties may seem advisable.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

F. P. Willard, for Respondent.

SHAW, J.—Action to recover upon a promissory note. The complaint alleges that defendant made and delivered. to plaintiff his certain promissory note, dated October 21, 1908, due on or before one year after date, and bearing interest at the rate of ten per cent per annum, payable quarterly; *that interest thereon had been paid up to October 21, 1909,* and that no part of the principal of the note had been paid. The prayer was for the principal sum of $5,000 and interest thereon from October 21, 1909, at the rate of ten per cent per annum, as provided by the terms of the note.

Defendant failed to answer,. and judgment was rendered on default in accordance with the prayer of the complaint.

Defendant appeals from the judgment and insists upon reversal for the reason that in addition to the rendition of judgment for the principal sum of $5,000, the court gave judgment for interest accruing subsequent to October 21, 1909, in the sum of $229.16. The verified complaint treats the principal and interest specified in the note separately, it being alleged that no part of the principal has been paid, but is silent as to whether or not the interest accruing after October 21, 1909, for the amount of which the court gave judgment, remained unpaid. There is neither direct allegation of nonpayment of interest, nor an allegation from which such fact is implied. (*Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772]; *Ward* v. *Clay,* 82 Cal. 502, [23 Pac. 50, 227].) Hence, there is nothing in the complaint upon which to base judgment for the amount of this interest. It follows that the judgment, in so far as it pertains to interest accrued from October 21, 1909, to the date of the filing of the complaint, is erroneous. It is impossible to order a modification of the judgment, because the record does not disclose when the complaint was filed. Inasmuch as the default judgment is for a sum in excess of that justified by the complaint, the amount of which excess, for the reason given, is not ascertainable upon the record, it must therefore be reversed and remanded for such further action as to the parties may seem advisable; and it is so ordered.

Allen, P. J., and James, J., concurred.