[Civ. No. 1518. Second Appellate District.—October 22, 1914.]

## F. W. POETKER, Respondent, v. ROSA B. LOWRY, Appellant.

ACTION ON PROMISSORY NOTE—PLEADING—NONPAYMENT—INSUFFICIENT ALLEGATION.—In an action on a promissory note where the only allegation of the complaint which purports to aver nonpayment of the note is, "that said defendant has refused and still refuses to pay the same," the complaint fails to state a cause of action, which is not cured by the judgment, and a general demurrer to it should have been sustained.

PARENT AND CHILD—RELATIVE RIGHTS OF FATHER AND MOTHER—SECTION 197, CIVIL CODE.—Where there is no evidence establishing any of the conditions under which the mother could deprive the father of the custody, services, and earnings of a minor child, under section 197 of the Civil Code, the father is entitled to its custody, and the mother has no right, in the absence of the father's consent, to transfer the custody, care, and services of the child to a stranger.

ID.—OBLIGATION OF PARENT TO SUPPORT CHILD—CONTRACT OF PARENT NOT TO SURRENDER CHILD TO STRANGER ILLEGAL.—The law imposes upon parents the duty of caring for, maintaining and supporting their children, and the agreement of the mother of a minor child not to surrender the child to a stranger, who desires to receive, care for, and maintain it, but to retain the custody and continue to care for and support the child herself, is not a legal consideration for a contract on the part of a stranger, who promises to pay the mother the reasonable value of such care and support, and enforcement of such an agreement would also contravene public policy.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, and George A. Skinner, for Appellant.

Bicksler & Smith, for Respondent.

SHAW, J.—Action upon a promissory note alleged to have been made by defendant to plaintiff. Judgment went for

plaintiff, from which, and an order denying her motion for a new trial, defendant appeals.

Defendant interposed a general demurrer to the complaint, which was overruled. This ruling is assigned as reversible error. The demurrer was directed to the absence of any allegation in the complaint showing nonpayment of the note. The only statement purporting to constitute such allegation is "that defendant has refused and still refuses to pay the same." That a party suing upon a contract to pay money must allege a breach thereof—that is, nonpayment of the money which he seeks to recover—otherwise his complaint is subject to general demurrer for failure to state a cause of action, is fundamental and must be conceded. The question presented is whether the statement above quoted constitutes a sufficient allegation of such fact when tested by general demurrer. While respondent concedes the complaint to be defective, he insists there is not a total lack of essential allegation, and that such defect is cured by the judgment. We conceive the rule to be that where the statement, though defective, is in the form of a conclusion, or is of a character from which the fact of nonpayment is implied, it is sufficient when measured by general demurrer. In such case the attack must be made by special demurrer, pointing out the defect. Thus, while there are authorities in this state to the contrary, it has been held that in the absence of special demurrer a complaint based upon contract and alleging a breach thereof by stating the sum demanded was due and owing, contains a sufficient allegation of nonpayment. (*Stewart* v. *Burbridge,* 10 Cal. App. 623, [102 Pac. 962] ; *Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772]. See, also, *Knox* v. *Buckman Contracting Co.,* 139 Cal. 598, [73 Pac. 428], and cases there cited.) The words "due and owing," while a mere conclusion, nevertheless imply a debt matured and, therefore, a breach by reason of its nonpayment, and unless the defect be pointed out by special demurrer, it is cured by verdict or judgment. No conclusion, however, of nonpayment is implied from the allegation that "defendant has refused and still refuses to pay," etc. It is impossible to construe such statement as an allegation of nonpayment of a matured indebtedness. Indeed, the alleged refusal of defendant to pay the note is consistent with the prior payment thereof. Since failure to pay constitutes the breach, the complaint must, in order to state a cause of

action, negative payment. This rule is too firmly established in this state to be disregarded in order to meet the exigencies of a particular case. The court erred in overruling the general demurrer interposed.

The only defense interposed to the action upon the note was stated in a cross-complaint filed by defendant, wherein she alleged that she had the mothering care and custody of a child which John Leggett and wife expressed a wish to take, receive, care for, and maintain, and that she was anxious to surrender the child to them in compliance with such expressed wish and desire, but that plaintiff, with whom she advised, counseled her against so doing and agreed that if she would keep the child and continue to care for and support it, he would compensate her therefor; that in reliance upon such promise she retained and continued to care for and support said child, the reasonable value of such care and support of which was one thousand eight hundred dollars.

The evidence offered under the allegations of the cross-complaint conclusively showed that the child was that of defendant, born to her while living in lawful wedlock with her husband, George Lowry, with whom, so far as shown by the record, she continued to live during all the times in question. It does not appear that her husband, the father of the child, was a party to the alleged agreement, or that he was willing or would have consented, had plaintiff not made the alleged promise, to surrender the care and custody of the child to the Leggetts in accordance with their expressed wish to take and adopt it. So far as shown by the record, he was ignored in the matter. At the close of plaintiff's evidence the court instructed the jury to bring in a verdict for plaintiff, and defendant assigns such ruling as error.

The contention of cross-complainant is that the alleged promise of plaintiff to compensate the mother for supporting her own child constitutes a valid contract, the consideration therefor being the refusal of the mother to avail herself of an opportunity to get a stranger to assume the burden. Section 197 of the Civil Code provides that: ''The father of a legitimate unmarried minor child is entitled to its custody, services, and earnings; but he cannot transfer such custody or services to any other person, except the mother, without her written consent, unless she has deserted him, or is living separate from him by agreement. If the father be dead, or be unable, or re-

fuse to take the custody, or has abandoned his family, the mother is entitled thereto.'' There is no evidence establishing any of the conditions under which the mother could deprive the father of the custody, services, and earnings of his son by giving the child to John Leggett and wife. The father being entitled to its custody, the mother had no right and could not, in the absence of the father's consent, transfer the custody, care, and services of the child to a stranger. That which she refrained from doing in consideration of plaintiff's promise was the nonperformance of an act which under the law she could not do. Moreover, the law imposes upon parents the duty of caring for, maintaining, and supporting their children, and that which defendant did in consideration of plaintiff's promise is exactly that which under the law, and independent of the agreement, she was bound to do. ''Any prejudice suffered, . . . other than such as he is at the time of consent lawfully bound to suffer, . . . is a good consideration for a promise.'' (Civ. Code, sec. 1605.) The agreement on the part of defendant to suffer the burden which the law imposed upon her of looking after and caring for her child, constituted no valid consideration for the alleged contract made with defendant. Aside from the fact that there was no sufficient consideration for the contract, to enforce an agreement of this character would, in our opinion, contravene public policy. There was no error in giving the instruction of which defendant complains.

The judgment is reversed, with instructions that the trial court sustain defendant's demurrer to the complaint and grant plaintiff leave to amend his complaint, if the court be so advised.

Conrey, P. J., and James, J., concurred.