[Civ. No. 1778.   Second Appellate District.—February 9, 1916.]

## THE PACIFIC COAST MAIL ORDER HOUSE (a Corporation), Respondent, v. E. R. STILLENS, Appellant.

ACTION ON PROMISSORY NOTE—PLEADING—AMOUNT DUE—CONCLUSION OF LAW.—In an action on a promissory note, where the answer admits the execution of the note, and alleges that the principal and interest remain wholly unpaid, but denies that the same is due and owing, or that any amount is due and owing, the admission is of the ultimate fact as to nonpayment, and the denial is a mere conclusion of law, which should be disregarded.

ID.—CROSS-COMPLAINT—ALLEGED FAILURE OF CONSIDERATION—INSUFFICIENT DEFENSE.—In such case, where there was attached to defendant's answer a set of allegations termed a cross-complaint, in which the execution of the notes sued on was admitted, but it was alleged that the same were given in exchange for certain shares of stock of the plaintiff corporation, and the further consideration that plaintiff would extend certain favors to defendant because of the purchase, and that plaintiff had agreed in consideration of the execution of the notes that a certain trade discount certificate should be issued, providing that for a period of ten years defendant should

be entitled to a discount from catalogue prices of merchandise purchased from plaintiff, and that, after the certificate had been issued, the privileges therein stated were repudiated by plaintiff corporation, which thereafter refused to allow the discounts, and that as a further consideration inducing the execution of the notes defendant was promised a catalogue showing prices of goods for sale by plaintiff, which catalogue was never furnished, and it was represented that plaintiff was a "strong corporation, and in eighteen months or thereabouts would pay dividends," which allegation was alleged to be false, and intended to deceive defendant, and was relied upon by and did deceive the latter, the alleged cross-complaint does not state a cause of action for damages, and is insufficient to support a judgment of rescission, it failing to allege the value of the stock or of the alleged privileges which were denied plaintiff, and there being no allegation of tender back of the stock, or vigilance shown by defendant asserting the right to rescind.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Joseph Seymour, and J. F. Seymour, Jr., for Appellant.

Maltman & Clark, and James W. Glassford, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the plaintiff, after answer filed by the defendant, the judgment being entered without trial as to the facts, but upon the application of plaintiff for decision in its favor upon the pleadings.

Plaintiff brought this action to recover a balance alleged to be unpaid on a promissory note executed by the defendant. The answer admitted the execution of the note and then proceeded as follows: "Admits that the principal and interest on said promissory note remains wholly unpaid. Denies that same is now due and owing, or that any amount is now due and owing." The admission contained in the first clause of the paragraph quoted was an admission of the ultimate fact as to the nonpayment of the note. The second clause in its terms of denial stated a mere conclusion of law which should be disregarded. (*Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772], and cases therein cited.) Attached to defendant's answer was a set of allegations, which were termed a cross-complaint. In this portion of the answer the execution of the

promissory notes was again admitted, but it was alleged, in effect, that the same were given in exchange for one thousand two hundred shares of stock in the plaintiff corporation; and the further consideration that "plaintiff would extend certain favors to defendant herein because of such purchase." It was further alleged that the plaintiff had agreed "in case said execution of such notes above referred to by defendant was had," that a certain trade discount certificate should be issued which provided that for a period of ten years the defendant should be entitled to a five per cent discount from catalogue prices of merchandise purchased from the plaintiff. It was then alleged that, after the certificate had been issued, the privilege therein stated was repudiated by the plaintiff, and "that plaintiff ever since has refused and still refuses to allow defendant discounts as set forth in said certificate." In another allegation it is said that a further consideration "as an inducing cause to secure the two notes," was that the defendant was promised a catalogue showing prices of goods for sale by the plaintiff, which catalogue was never furnished. It was then alleged that an agent of the plaintiff, at the time of the execution of the notes, represented to defendant that the corporation was a "strong corporation, and within eighteen months or thereabouts would pay dividends." The allegation follows that the representations were false and untrue, and were intended to deceive the defendant, and were relied upon by him, and that they did deceive him and result in his damage. If it was the intention of appellant to state a cause of action for damages in his alleged cross-complaint, he failed to do so, for nowhere does it appear by any of his allegations as to what the value of the shares of stock received by him was, or what was the value of the alleged privileges which he claims to have been denied the right to enjoy. The allegations of the answer are wholly insufficient to state a cause of action for damages, and so also are they insufficient to support a judgment of rescission. Nowhere among the allegations is it in any wise alleged or shown that the defendant ever tendered back the certificates of stock received by him. For aught that appears, those shares may be of great value. And it is very correctly argued by the respondent that, even had the answer been complete in the essential last referred to, there is no showing of vigilance on the part of the defendant in asserting any right to rescind the contract, nor

any excuse for the long delay which had occurred at the time this action was commenced. The promissory note was dated in January, 1912. This action was commenced on March 30, 1914. By his own allegations defendant shows that whatever repudiation there was by the plaintiff of the alleged rights granted under the certificate of discount, that repudiation took place "immediately after the issuance of said certificate." The answer having admitted all of the material matters contained in the complaint, and having failed to state any legal defense thereto, the ruling of the trial judge granting the motion for judgment on the pleadings was correct.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.