[Civ. No. 2069.   Third Appellate District.—February 26, 1920.]

J. R. M. GORDON, Respondent, v. TEJUNGA WATER & POWER CO. (a Corporation), Appellant.

[1] ACTION FOR SERVICES—ALLEGATION OF EMPLOYMENT—SUFFICIENCY OF COMPLAINT.—Where the complaint in an action to recover compensation for personal services alleges that the defendant employed plaintiff to do certain work for it at a salary of a stated sum per day and that he began work under said employment on a given date and continued to work up to a given date, this is a sufficient allegation of employment at an agreed compensation in the amount stated per day.

[2] ID.—SUFFICIENCY OF ALLEGATION OF NONPAYMENT.—In such action, an allegation that "there is now unpaid from the defendant to the plaintiff for the labor performed" a stated sum is a direct allegation that the amount is unpaid.

[3] ID.—FINDINGS IN LANGUAGE OF COMPLAINT — SUFFICIENCY OF.— Where the allegations of a complaint are sufficient to constitute a cause of action, findings following the language of the complaint are sufficient.

[4] ID.—DEFENSE OF PAYMENT — SUFFICIENCY OF FINDINGS.—In such action, the finding of the court that there is unpaid from defendant to plaintiff a certain amount of money constitutes a sufficient

finding upon the allegation in the defendants answer to the effect that each and all and every claim sued upon in the action, and set forth in the plaintiff's complaint, were paid prior to the beginning of the action.

[5] ID.—ABSENCE OF EVIDENCE — MATERIALITY OF ISSUE — WANT OF FINDING—APPEAL.—Where a defense is tendered by a party upon which no evidence is offered at the time and upon which there is no finding, the issue will be deemed immaterial, and the cause will not be reversed for want of a finding which must have been adverse to the appellant.

[6] ID.—FAILURE TO FIND ON ONE CAUSE OF ACTION—DEFENDANT NOT INJURED.—The defendant is not injured by the failure of the court to find on a given cause of action set forth in plaintiff's complaint where the court does not find that the defendant owes anything upon that cause of action.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. T. Price, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Davis for Appellant.

James Donovan for Respondent.

ELLISON, P. J., *pro tem.*—The complaint is in four counts. In the first count, after stating the corporate capacity of the defendant, it is alleged: "That the defendant employed the plaintiff to superintend and take charge of the management of the irrigation plant of the defendant at a salary of five dollars per day, and the plaintiff began under said employment on February 23, 1914, and continued to work for the defendant up to and including May 1, 1915.

"That for said labor so performed by the plaintiff for the defendant, the defendant has failed and neglected to pay any part thereof though requested often so to do.

"That there is now due, owing, and unpaid from the defendant to the plaintiff for the labor performed as aforesaid by the plaintiff for the defendant the sum of $1,980 less $70 credit thereon for fourteen days, absence from said work."

In the second count it is alleged: "That for a period of ninety days between the dates of February 23, 1914, and May 1, 1915, the plaintiff furnished a team and wagon for hauling pipe materials and other supplies used in the care

and management of the defendant's water system, and that the reasonable value of the services of said team is two dollars per day.

"That no part of said sum has been paid though the plaintiff has repeatedly requested the defendant to pay the same, and that the sum of $180 is now due, owing, and unpaid from the defendant to the plaintiff for said services."

In the third count it is alleged: "That between July 9, 1914, and May 1, 1915, the plaintiff furnished the defendant tires, oils, and grease for machines, amounting to $226.30, which said sum was the reasonable price for the tires, oils, and grease so furnished and that the same was furnished at the special instance and request of the defendant.

"That no part of said sum has been paid though the plaintiff has repeatedly requested the defendant to pay the same, and that the sum of $226.30 is now due, owing, and unpaid from the defendant to the plaintiff for said materials aforesaid."

And, in the fourth count it is alleged: "That between February 23, 1914, and May 1, 1915, the plaintiff furnished other materials and supplies for the repair and improvement of the conduits of the water system, taps, and meters, to the extent of $187.48 at the special instance and request of the defendant, no part of which has been paid though the defendant has been often requested so to do."

There was a general demurrer filed to the complaint, which was overruled, and the defendant answered, denying all the allegations of the complaint, except the incorporation of the defendant. And by amendment to the answer it was alleged that each, all and every of the claims sued upon in said action and set forth in plaintiff's complaint, were fully paid, satisfied, and discharged by the defendant. It is also alleged in the said amendment that at the time of the commencement of the alleged services set forth in the plaintiff's complaint the plaintiff was, and had been, indebted to the defendant in excess of the total amount sued for in the complaint for money loaned, water sold and delivered by the defendant to the plaintiff, money had and received by plaintiff belonging to defendant, goods, wares and merchandise sold and delivered by defendant to plaintiff, and notes and mortgage held by defendant against plaintiff. And that, at the time of the commencement of said services, it was understood and agreed

that, with the exception of small amounts to be paid in cash from time to time, the earnings of the plaintiff under said employment were to be applied by the defendant in payment and liquidation of the said indebtedness of plaintiff to defendant. It was then alleged that the defendant did, from time to time, credit said plaintiff on said indebtedness with various sums of money as earned by, or that for any reason became due, the plaintiff for services or any other reason, and that by reason of such application of payments and credits any and all claims of the plaintiff against the defendant had prior to the commencement of the action been liquidated, paid, satisfied and discharged.

As to the first cause of action stated in the complaint, the court found, as alleged in the complaint, that the defendant employed plaintiff to superintend and take charge of the management of its irrigation plant at a salary of five dollars per day; that he began work February 23, 1914, and continued to May 1, 1915; that the defendant had failed and neglected to pay any part thereof; and that there is due and unpaid for said labor the sum of $1,910.

On the second cause of action the court found, as alleged in the complaint, that the plaintiff furnished a team and wagon that was used in the service of the defendant, and that the reasonable value thereof was two dollars per day, and that there was due and unpaid to the plaintiff for the use of said team the sum of $180.

The court failed to make any finding upon the third cause of action alleged in the plaintiff's complaint.

Upon the fourth cause of action the court found that the plaintiff furnished supplies and materials for the repair and improvement of the conduits of the water system, taps, and meters to the extent of $187.48, and that no part of it had been paid, and that it was all now due and unpaid.

And the court ordered judgment entered in favor of the plaintiff for $2,277.48. From this judgment the defendant appeals.

The points raised upon the appeal are mainly technical and attack the sufficiency of the complaint to state a cause of action and assign as error that the court failed to find upon some material allegations of the complaint and also of the answer.

[1]    The defendant claims that the first cause of action
does not state a cause of action because there was no allega-
tion of promise or agreement on the part of the defendant to
pay the plaintiff five dollars per day for his work, and no
allegation that such was the reasonable value thereof; that
it does not allege when the salary was to become due and
payable, nor that the same was done within the time agreed
upon.

We think there is no merit in any of these contentions.
The action is not upon a *quantum meruit,* but the complaint
alleges the defendant employed the plaintiff to do certain
work for it at a salary of five dollars per day, and that he
began work under said employment on February 23, 1914,
and continued to work up to the first day of May, 1915.
This is a sufficient allegation of employment at an agreed
compensation of five dollars per day.

[2]    It is next claimed that there is no allegation that
the amount due for the work under said employment has not
been paid, and in support of this position counsel cites the
case of *Potter* v. *Lowry,* 25 Cal. App. 617, [144 Pac. 981].
The only allegation of nonpayment in that case was "that
the defendant has failed and neglected to pay any part
thereof though often requested." But in the complaint in
this case there is the direct allegation in paragraph four
thereof that "there is now unpaid from the defendant to
the plaintiff for the labor performed the sum of one thousand
nine hundred dollars." This is a direct averment, that the
amount is unpaid.

The same criticisms are aimed at the second count of the
complaint, but, we think, for the reasons stated, that said
count states a cause of action.

We need not consider the sufficiency of the third count
to state a cause of action, because the court failed to make
any finding thereon.

We think the fourth count of the complaint is good as
against a general demurrer.

[3]    The findings are attacked because they follow the
language of the complaint, and, as contended by counsel, the
complaint not stating a cause of action, the findings are in-
sufficient. This objection is disposed of by what we have
already said as to the sufficiency of the complaint.    [4]
Complaint is made because the court failed to find upon the

allegation in the answer to the effect that each and all and every claim sued upon in this action, and set forth in the plaintiff's complaint, were paid prior to the beginning of the action. The finding of the court that there is unpaid a certain amount of money disposes of the allegation in the answer.

Complaint is made that the court failed to find upon the special matters alleged in the answer that at the time of the commencement of the alleged services the plaintiff was indebted to the defendant in excess of the amount sued for, and at the time of the commencement of the services it was understood and agreed between the plaintiff and the defendant that, with the exception of small amounts to be paid in cash from time to time, the earnings of the plaintiff under said employment were to be applied by the defendant in payment and liquidation of said indebtedness. And for failure to find that, pursuant to said understanding and agreement, the defendant did, from time to time, credit the plaintiff with money due him upon his salary on the indebtedness due by him to the defendant. There was some evidence introduced in the record to the effect that such an agreement was made, which evidence, however, was denied by the plaintiff.

As to this omission to find, it is sufficient to say that there was no evidence introduced tending to show, or to the effect that the defendant had ever given the plaintiff credit upon any indebtedness that he may have owed it, and it certainly was not entitled to a credit in this action unless the credits had been given, there being no counterclaim or cross-complaint set up in the pleadings.

[5]  "Where a defense is tendered by a party upon which no evidence is offered at the trial and upon which there is no finding, the issue will be deemed immaterial, and the cause will not be reversed for want of a finding which must have been adverse to the appellant." (*Senter* v. *Senter,* 70 Cal. 628, [11 Pac. 786].)

[6]  The defendant complains that the court did not find on the third cause of action set forth in plaintiff's complaint that he had sold and delivered tires, oils, and grease in the sum of $226.30. For this omission the defendant cannot complain. The court has not found that it owes anything upon that cause of action, and, therefore, it is not injured by the failure to find upon it.

The findings of the court are fully sustained by the evidence, and the failure to find upon certain allegations of the complaint and answer in nowise injured the defendant.

Finding no reversible errors in the record, the judgment is affirmed.

Hart, J., and Burnett, J., concurred.