ESTELA BURGOS, Plaintiff and Appellee, *v.* FRANCISCO CRESPO, Defendant and Appellant.

No. 6797. Argued April 1, 1935.—Decided May 20, 1935.

*V. Polanco de Jesús* for appellant. *Bolívar Pagán* and *Adolfo F. García Rodríguez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

To an action to recover an alleged assigned credit, and where the original debtor was averred to have been substituted by the defendant, the latter filed an answer, among other things setting up some special defenses. The issues, after a trial, were decided against the defendant. From the

judgment rendered the defendant appealed. . The transcript of the record, containing only the pleadings, was transferred to this court. None of the evidence heard at the trial was incorporated. In due order the appellant filed a brief in which the only error assigned is the insufficiency of the complaint to state a cause of action.

Manuel Santiago Maldonado bought five pieces of property from Justiniano Burgos and Albertano Burgos. Thereupon, according to the complaint, Maldonado became indebted to Valentín Burgos Santos in a certain amount. The latter was not one of the vendors and the statement in the complaint involved a conclusion of law. No particular point was made upon this defect. There is perhaps a suggestion that no nexus was established between defendant and the assignor of plaintiff. Of course, the vendors could contract to make the money owing to them payable to a third person.

The complaint also contained an averment that the credit owned by Valentín Burgos Santos was assigned to the plaintiff.

The principal objection is to the fourth paragraph of the complaint which reads as follows:

"That under the aforesaid public deed No. 17, executed in Ciales before Notary Public Valentín Polanco de Jesús, on January 24, 1928, defendant Francisco Crespo Escalera became substituted as debtor of the aforesaid obligation, assuming the payment of the debt in the manner stated, in the place of Manuel Santiago Maldonado."

We agree with the appellant that this is the statement of a conclusion of law; that it does not clearly appear that the property was transferred from Manuel Santos Maldonado to Crespo; nor yet that the latter undertook to pay the debt of the former. A part of this failure might be considered cured by the answer. However, the principal point is that all these defects were cured or aided by the judgment in the case. The general rule of law is that the evidence before the court justified the judgment. *Davis* v. *Albritton,*

127 Ga. 517, 119 A.S.R. 352, 8 L.R.A. (N.S.) 820; 15 R.C.L. 878, note 16.

Section 102 of the Law of Evidence in connection with paragraph 18 thereof, Code of Civil Procedure of 1933, section 464, provides:

"All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions and may be controverted by other evidence. The following are of that kind.

" *          *          *          *          *          *          *

"18. That all matters within an issue were laid before the court or jury and passed upon by them; and in like manner, that all matters within a submission to arbitration were laid before the arbitrators and passed upon by them."

Conclusions of law may be so aided by a judgment. *Penrose* v. *Winter,* 135 Cal. 289, 292, is somewhat similar in its facts. That case has been followed in various others in California. Supplement to notes on said case in California Reports 717; 49 C.J. 886, note 19.

To the same general effect is 21 Cal. Jur. 283, note 19.

Under these conditions, the appeal is frivolous. *Muñiz* v. *Vivas,* 44 P.R.R. 4; *Knights of Columbus Bldg. Ass'n.* v. *Arcilagos,* 45 P.R.R. 89; *E. Solé & Co., S. en C.* v. *Rocafort,* 45 P.R.R. 30.

The appeal will be dismissed.